**Hubert FOSSIER, Appellant,**

v.

**Janice MORGAN et vir, Appellees.**

**No. 15800.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 7, 1971.

Rehearing Denied Jan. 6, 1972.

Louis A. Pontello, Jr., Philip M. Shafer, Houston, for appellant.

Branch & Stilwell, J. Tom Clarke, Houston, for appellees.

PEDEN, Justice.

Appeal from judgment of the trial court based on a jury finding that the defendant, manager of an automobile dealership, had converted to his own use an automobile belonging to the plaintiffs. The finding was grounded on the testimony of one of the plaintiffs that the defendant had advised her that her automobile was worth only $200, far less than its actual fair market value, and had, with her consent, sold it for $200.

The appellant's twenty points of error amount, in the main, to assertions that the two jury findings were not supported by any evidence, were not supported by factually sufficient evidence or that they were against the great weight of the evidence.

The issues submitted to the jury and the answers given were:

### Special Issue Number One

"Do you find from a preponderance of the evidence that the Defendant, Hubert Fossier, by his actions, if any, did convert the 1967 Opel belonging to the Plaintiff, Janice Morgan?

"In connection with the above special issue you are instructed that a conversion is the unlawful exercise of dominion and control over the property of another so as to deprive the owner of the use and benefit of such property."

"Answer: 'He did convert' or 'He did not convert.'

"To which the jury answered 'He did convert.' "

### Special Issue Number Two

"Find from a preponderance of the evidence the fair market value of Plaintiff's 1967 Opel automobile in Harris County, Texas, in April of 1969.

"In connection with the above special issue you are instructed that fair market value of the automobile means the amount which would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling.

"Answer by stating the amount in Dollars and Cents, if any.

"To which the jury answered '$780.-00.' "

The record does not contain any objections to the trial court's charge.

In determining whether there is any evidence to support the finding of the jury, we look only to the evidence favorable to it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). In reviewing the evidence, however, we will seek to set out all of the evidence pertinent to the first jury finding.

Mrs. Morgan's Opel had been in a wreck, and its body had been mashed inward by several inches on the driver's side in the area of the door handle. The damage, according to photographs admitted in evidence, appeared to extend up into the top of the car. Windows were broken out of it and rain water was inside it. Mrs. Morgan sent it to the appellant after the accident and several weeks later decided to ask him to sell it for her instead of repairing it. He testified that he told her the best bid he had for it was $200; she testified that he also told her that that was all the car was worth. Mrs. Morgan testified that she had been employed at a radio station and had seen the appellant when he had come there on business, so she relied on him for help when her car was wrecked. He is the manager of the De-Montrond Buick Co., an Opel dealer.

The only other evidence as to the value of the car was testimony by Mr. Michael Crane who has been employed for three years by different banks as a collection supervisor in their installment loan departments. He sold repossessed automobiles as a part of his duties, so he had become familiar with the market value of used automobiles. Assuming that $470 was the appellant's employer's estimate of the reasonable cost of repairing the car, and assuming other (recited) data as to its age, equipment, mileage and appearance (based on the photographs in evidence), his opinion as to its fair market value before it was repaired was "about $850, give or take $50." Had it not been in a collision, his opinion was that its value would have been about $1250.

Mr. Crane testified further that he had never seen the Opel in question, that it certainly would affect his opinion to learn that rain water was in it and and that he would not buy it without first seeing it.

The appellant testified that he has been in the automobile business for 17 years. He testified that he told Mrs. Morgan that the best bid he had received for her car was one of $200. A written bid for $200

was introduced in evidence. He said his used car manager didn't want the car at any price, because he didn't want to put $500 or $600 on it. This was only an estimate, and there are hidden damages. They don't want a $200 car with $600 worth of damages to sell. The car was "out", as far as DeMontrond Buick was concerned. The $470 estimate was not made by DeMontrond, it was made by Allstate Insurance Co. About a month after he told Mrs. Morgan about the $200 bid she told him that G.M.A.C. wanted its payment and asked him to accept that bid and pay the $200 to G.M.A.C. for her. When one of the other DeMontrond employees, Johnnie Beavers, asked him about the car, he let Johnnie have it for the same price.

Johnnie Beavers, called as a witness by the appellees, testified he had repaired the car and paid the $200 to G.M.A.C. as Mrs. Morgan requested, but she did not respond to his request that she send the title to him and she later refused to do so. He testified he has not used the car and has now been repaid his $200. That Mr. Fossier got nothing from the transaction.

■ Appellees allegation is that the conversion consisted of the appellant's having sold their car for a price far below its actual value. Since Mrs. Morgan admits to having agreed to the sale price, the essence of her complaint is that her consent was fraudulently obtained by the appellant's having represented to her that the car was only worth $200 when it was actually worth much more.

"It is well settled that in order to constitute actionable fraud the representation complained of must concern a material fact as distinguished from a mere matter of opinion, judgment, probability or expectation." Peterson v. Barron, 401 S.W.2d 680 (Tex.Civ.App.1966, no writ); 25 Tex.Jur. 2d 630, Fraud and Deceit § 15.

■ In the absence of confidential relationship between the parties, a mere expression of an opinion as to value that proves to be incorrect or false is not, generally, considered to be a misrepresentation of a material fact on which reliance may be placed. The rule is particularly reliable where there is nothing to indicate that the statement was other than the expression of an honest opinion. Ordinarily, a representation of market value of a commodity is merely an opinion that cannot be made the basis of a recovery for fraud and deceit. 25 Tex.Jur.2d 692, Fraud and Deceit, § 51.

■ In this case Fossier was in a better position than Mrs. Morgan to ascertain the market value of the wrecked car, but there is nothing in the record to indicate 1) that she was not free to obtain as many appraisals of it as she wished, 2) that a confidential relationship existed between them (see Thigpen v. Locke, 363 S.W.2d 247, Tex.Sup.1962), 3) that Fossier either knew his statement as to value was untrue or 4) that he made it in a careless disregard of whether or not it was true. Nor is there proof that he gained in any way from the transaction.

"Of course, it is elementary, that to establish the elements of actionable fraud such must be shown by full, clear and satisfactory proof. Fraud is never presumed, and when it is alleged the facts sustaining it must be clearly shown. Continental Transfer and Storage Co. v. Midcity Realty Company, Tex.Civ.App., 348 S.W.2d 56; Fernandez v. Cano, Tex.Civ.App., 108 S.W.2d 310; Whitsel v. Hoover, Tex.Civ.App., 120 S.W.2d 930. While we are fully cognizant of the rule in cases of fraud that broad latitude is granted in receiving evidence, both direct and circumstantial, that does not change the burden of proof on the part of the plaintiff to establish fraud by a preponderance of the evidence. There is no presumption of fraud. The contrary is true. It is the duty of courts to presume a want of fraud rather than an existence of fraud in a transaction and therefore unless the evidence clearly shows the necessary elements of fraud it is the duty of a court to presume the ab-

sence of such fraud. Hawkins v. Campbell, Tex.Civ.App., 226 S.W.2d 891." Frankfurt v. Wilson, 353 S.W.2d 490 (Tex.Civ.App.1961, no writ).

We conclude that there is no evidence of probative value in this record to support the appellees' contention that the appellant converted their automobile to his own use.

The judgment of the trial court is reversed and rendered.