**Robert D. JONES et ux., Appellants,**

v.

**GENERAL ELECTRIC COMPANY et al., Appellees.**

No. 6531.

Court of Civil Appeals of Texas, El Paso.

Nov. 3, 1976.

Rehearing Denied Nov. 24, 1976.

Tinsman & Houser, Inc., Robert D. Sohn, San Antonio, for appellants.

Beckmann, Stanard & Olson, Melvin A. Krenek, House, Mercer, House, Brock & Wilson, David B. Person, Groce, Locke & Hebdon, Ray Weed, J. Michael Myers, Wiley, Plunkett, Gibson & Allen, Lewin Plunkett, Daniel Diaz, Jr., San Antonio, for appellees.

## OPINION

WARD, Justice.

This is an appeal from summary judgment granted in favor of Defendants. Appellants, Robert D. Jones and his wife, Patricia Jones, filed suit for damages resulting from a fire which destroyed their home. Heating unit defects were alleged to have caused the fire, and the home builder together with the manufacturer, distributor, and installer of the heating unit were all joined as Defendants. The Defendants filed motions for summary judgment and all motions were granted. We reverse the judgment of the trial Court and remand the case for trial.

The house was constructed, and the heater was installed in December, 1969. The fire occurred January 26, 1972, when Mr. Jones found the heating unit in his attic engulfed in flames, and this resulting suit for damages was filed in September, 1973. The heating unit had been installed in the Jones' home by the Appellee, McCarley Company, Inc. The unit was manufactured by the Appellee, General Electric Company, and distributed by the Appellee, Campbell-Ince Distributors, Inc. The Appellee, Eugene P. Flaig, was the builder and contractor of the house in question, and he had retained the services of McCarley Company, Inc., to install the heating unit on the premises. The Plaintiffs alleged that each Defendant had warranted that the heating unit was constructed and installed in the dwelling in a good and workmanlike manner, and that each Defendant had breached a warranty of good workmanship. The Plaintiffs also alleged that the Defendants were negligent in the construction, manufacture, and installation of the heating system, which negligence was a proximate cause of the fire. Finally, the Plaintiffs alleged the theory of res ipsa loquitur in that this was an instance that does not occur without negligence and that at all material and critical times thereto the heating unit in question was under the care, management, and control of each of the respective Defendants.

After extensive discovery, each of the Defendants filed motions for summary judgment, each asserting that there was no genuine issue as to any negligence, breach of warranty, or strict liability, that "no one has been able to determine what caused the fire," and because of this, each of the Defendants alleged that there was no genuine issue of fact existing against them, and that as a matter of law they were each entitled to summary judgment.

The summary judgment proof consisted of the pleadings, various affidavits, two depositions of Mr. Jones, written interrogatories propounded by the Defendants to Mr. Jones and the answers thereto, the deposition of Frances G. Schmid of the Texas Laboratory, who was described by the Plaintiff as being his expert, and the deposition of Fire Marshall A. G. Campa, who

was described by the Plaintiff as having investigated the fire and who could describe the pertinent defects. Summary judgment proof established that after the fire, none of the essential working parts of the heating unit were preserved because of the damage caused by the fire. The two witnesses, who Mr. Jones testified he would use to prove his allegations, both stated that they could not determine the cause of fire, they could not determine if the unit was defective or if it had caused the fire, and doubted if anyone could make that determination in view of the condition of the unit. A summary of the testimony of the Plaintiffs and of the admissions made was that they did not know the cause of the fire, of any defects in the heating unit, of any malfunction of the unit, or of any specific acts of negligence.

The Appellants, by one general and three specific points of error, urge that each Appellee has failed to discharge the summary judgment burden, as announced in *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). There, the plaintiff failed to present evidence to raise a fact issue that the ball joint unit was defective at the time if left the defendant's factory, and the Court pointed out that it was immaterial as to whether or not the plaintiff presented evidence. The question was not whether the summary judgment proof raised fact issues with reference to the essential elements of the plaintiff's cause of action, but was whether the summary judgment proof established as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action.

The recent case of *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex.Civ. App.—San Antonio 1976, writ ref'd n. r. e.), is decisive. There, the Court pointed out that the testimony of the plaintiff did not establish as a matter of law that the defendants were not negligent, but merely that the plaintiff did not know of any evidence at that time which would establish negligence. The Court stated at page 860:

" * * * Although appellants would have the burden of raising fact issues as to negligence and proximate cause at the trial on the merits or suffer an instructed verdict, the burden was upon appellees as movants in the summary judgment proceeding to show as a matter of law that appellants' case was without merit. This was not done, and the trial court erred in sustaining appellees' motion based on appellants' lack of proof at such time of negligence or proximate cause."

In a recent products liability suit, the request for admissions revealed that the plaintiff did not know and had no proof that either of the products sold by the respective defendants in fact caused his damages. Again, the distinction was made between the burden of proof upon the summary judgment and the instructed verdict stage with the result that the summary judgment was reversed. *Smith v. Ortman-McCain Company*, 537 S.W.2d 515 (Tex.Civ. App.—Austin 1976, writ ref'd n. r. e.).

Appellees argue that for two years they have pursued every possible avenue known in the discovery process to determine just what the basis of the cause of action is, and their efforts add up to the one conclusion that the Appellants cannot show any cause of action. While this may be true on motion for instructed verdict, the Appellees have yet to prove at this time that the Appellants have admitted they have no cause of action which would permit the summary judgment.

■ Somewhat similar is the situation where the summary judgment has been used to secure a dismissal because a plaintiff's pleadings have failed to state a cause of action. The Supreme Court has held that the protective features afforded by the special exception practice are not to be circumvented by the motion for summary judgment. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). It is only where a plaintiff's pleadings affirmatively deny the cause of action that the exception exists for granting the summary judgment. *Goettee v. McConnell*, 535

S.W.2d 396 (Tex.Civ.App.—Beaumont 1976, no writ).

By comparison, the Appellees in the present case, having stated that they have exhausted their discovery process to determine the cause of action, are using the summary judgment practice to secure a dismissal of the suit, which is a severe form of sanction which may or may not lie under the discovery rules. Rules 170 and 215a(a), Tex.R.Civ.P.

The judgment of the trial Court as to all parties is reversed and the cause is remanded for trial.