568 P.2d 90 (1977)
Helen E. MacMAHON, Plaintiff-Appellant,
v.
William R. NELSON, M.D., Defendant-Appellee.
No. 76-437.
Colorado Court of Appeals, Div. III.
May 26, 1977.
Rehearing Denied June 23, 1977.
Certiorari Denied August 29, 1977.
*91 Branney & Griffith, Criswell, Patterson & Ballantine, John A. Criswell, Englewood, for plaintiff-appellant.
Johnson & Mahoney, P.C., Roger F. Johnson, Denver, for defendant-appellee.
PIERCE, Judge.
Plaintiff, Helen MacMahon, appeals from a directed verdict in her medical malpractice action against defendant, Dr. William Nelson.
If the evidence most favorable to plaintiff is considered, see Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964 (1961), it indicates that plaintiff consulted with defendant in January 1973 regarding a lump under her right earlobe. The lump had been diagnosed as a glandular tumor by two other physicians who had recommended immediate surgery. Defendant's diagnosis differed. He concluded that plaintiff was suffering from a glandular inflammation rather than a possibly malignant tumor. Upon defendant's advice, no surgery was performed. Defendant continued to assure plaintiff that she did not have a tumor until September 1973, when upon reexamination, he determined that the lump was tumorous. Surgery was then performed by the defendant. The tumor was discovered to be malignant, and the cancerous growth was found to have invaded a nerve controlling facial expression. The nerve was removed in a second operation.
Plaintiff contends that a jury could have properly found for her based on her testimony as to an alleged admission of negligence by defendant. We agree, and hence, reverse and remand for a new trial. See Tadlock v. Lloyd, 65 Colo. 40, 173 P. 200 (1918).
Defendant asserts that the directed verdict was nevertheless proper. He bases this assertion on the contention that there was insufficient evidence that any negligence by him was the proximate cause of damages to plaintiff. We disagree.
Partial facial paralysis resulted from the eventual removal of the nerve, but as plaintiff concedes, there was insufficient evidence that the paralysis was attributable to any act or omission of defendant. However, there was adequate evidence that defendant's incorrect diagnosis proximately caused plaintiff to suffer compensable emotional distress when she learned that removal of a cancerous tumor had been delayed for eight months. See Trapp v. Metz, 28 N.Y.2d 913, 323 N.Y.S.2d 166, 271 N.E.2d 697 (1971). There was also a jury issue presented on emotional distress premised on a factual dispute as to the necessity of the second operation for removal of the nerve. That emotional distress would be a consequence of defendant's alleged negligence need not be supported by expert testimony, such being a matter fully within the personal knowledge or experience of the jury. See Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964).
We do not consider whether mental distress occasioned by negligence states a claim in the absence of physical impact or injury. Here it was undisputed that the alleged incorrect diagnosis had a physical impact in that it permitted the further growth of the malignant tumor. The alleged *92 negligence in not removing the invaded nerve during the first operation also had an obvious physical consequence: a second operation with attendant physical impact and injury.
Judgment reversed and cause remanded for a new trial.
BERMAN and STERNBERG, JJ., concur.