Martha CLOYS, Appellant,

v.

Richard TURBIN, M.D. and North Texas Family Practice Association, P.A., Appellees.

No. 20382.

Court of Civil Appeals of Texas, Dallas.

Sept. 26, 1980.

John W. Henvey, Dallas, for appellant.

John H. Martin, Thompson & Knight, Dallas, for appellees.

Before AKIN, CARVER and STOREY, JJ.

AKIN, Justice.

This is an appeal from a summary judgment granted the defendants, Richard Turbin, M.D., and North Texas Family Practice Association, P.A., with whom Dr. Turbin is associated, in an action for medical malpractice brought by the plaintiff, Martha Cloys. Because the defendants have not negated, as a matter of law, the existence of one or more elements of Mrs. Cloys' cause of action for negligence, we reverse the summary judgment and remand the case to the trial court.

Mrs. Cloys consulted Dr. Turbin in early June 1978, complaining of a cough and chest pain and of a mole–like growth on her left arm, which had recently changed color and bled. The parties disagree as to whether Mrs. Cloys also told Dr. Turbin that the growth had fallen off and grown back. In any event, no biopsy of the growth was performed until approximately three months later, when Mrs. Cloys consulted another physician, at which time the growth was diagnosed as malignant melanoma. Mrs. Cloys immediately underwent surgical excision of an area on her upper left arm, dissection of lymph nodes, and a skin graft.

Mrs. Cloys alleged in her first amended petition that her June consultation with Dr. Turbin gave rise to a doctor–patient rela-

tionship, creating a duty on the part of Dr. Turbin to exercise the degree of skill, care, and learning possessed by other persons in the medical profession. She further alleged that Dr. Turbin negligently breached this duty by failing to perform a biopsy and pathological examination of the growth on her arm, by failing to inform her of the dangers of not having the growth biopsied and examined, by advising her that biopsy and examination of the growth were unnecessary, by failing to diagnose the growth as malignant melanoma, and by failing to refer her to a physician who could properly diagnose the growth or perform a biopsy and examination of the growth. She further alleged that Dr. Turbin's negligence was a proximate cause of the malignant melanoma remaining, growing, and spreading in her body, of its not being removed at the earliest possible time, of her incurring past and future medical expenses which would otherwise not have been incurred, of past and future physical pain and mental suffering, of lost future earning capacity, of reduction of her anticipated normal life span, and of reduction of her anticipated chances of surviving malignant melanoma had it been discovered in early June 1978.

In response to this pleading, the defendants filed a motion for summary judgment, relying on the affidavit and deposition of Dr. Turbin and on the affidavit of Dr. Phillip Morrow, the physician who performed the excision on plaintiff's arm along with the skin graft and lymph node dissection. Contending that the testimony of these two experts was uncontroverted and that the subject matter of the action was such that the trier of facts was required to be guided solely by the opinion testimony of experts, the defendants asserted that they were entitled to summary judgment because, as a matter of law, there was no genuine issue of material fact in the case. The trial court agreed with the defendants' contentions and granted summary judgment that plaintiff take nothing from them. However, we do not agree that summary judgment was proper in this case.

■ The motion for summary judgment of a defending party is to be granted under rule 166–A if, as a matter of law, the summary judgment evidence establishes that there is no genuine issue of material fact with respect to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In other words, a defendant is entitled to prevail on his motion for summary judgment if he establishes, as a matter of law, that at least one essential element of a plaintiff's cause of action does not exist. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975). However, it is difficult to establish conclusively a negative proposition in a summary judgment proceeding. 4 W. DORSANEO, TEXAS LITIGATION GUIDE § 101.02[3] (1980). *See, e. g., Sifford v. Santa Rosa Medical Center*, 524 S.W.2d 559, 561–63 (Tex.Civ.App.–San Antonio 1975, no writ).

■ Rule 166–A(c) provides that:
A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, *if the evidence is clear, positive and direct*, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. [Emphasis added.]

In *Duncan v. Horning*, 587 S.W.2d 471, 472–74 (Tex.Civ.App.–Dallas 1979, no writ), we held that the testimony of an interested expert witness, as well as that of an interested witness or expert witness, which meets the criteria of rule 166–A(c) and negates an essential element of a non–movant's cause of action, entitles the movant to a summary judgment unless the non–movant introduces competent summary judgment evidence controverting the testimony. However, the burden of introducing evidence to avoid summary judgment in this situation shifts to the non–movant only if the movant's evidence meets the criteria of rule 166–A(c) and negates all genuine issues of material fact with respect to an essential

element of the non–movant's cause of action. *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340, 344 (Tex.Civ.App.–Dallas 1979, writ ref'd n.r.e.). Further, the controverting summary judgment evidence introduced by the non–movant need only be sufficient to raise an issue of fact with respect to the element or elements negated by the movant's summary judgment evidence; it need not be sufficient to meet the burden of persuasion that the non–movant plaintiff would have at trial. *See Tigner v. First National Bank of Angleton*, 153 Tex. 69, 74, 264 S.W.2d 85, 87 (1954).

■ The four essential elements of plaintiff's cause of action in this case are: (1) a legally–cognizable duty requiring the defending party to conform to a certain standard of conduct for the protection of another against an unreasonable risk, (2) a failure by the defending party to conform to the required standard, (3) resulting actual injury to the complaining party, and (4) a reasonably close causal connection between the defending party's conduct and the resulting injury to the complaining party. W. PROSSER, THE LAW OF TORTS § 30 (4th ed. 1971). The defendants in the present case have not attempted through their summary judgment evidence to negate the existence of the first of these elements of Mrs. Cloys' cause of action, *i. e.*, existence of legal duty. They have, however, attempted to negate the second of these elements, *i. e.*, breach of duty. Specifically, Dr. Turbin denied that he failed to advise Mrs. Cloys to have the growth on her arm biopsied or that she could consult a dermatologist concerning it. We note that this interested witness testimony meets the criteria of rule 166–A(c) that it be clear, positive, direct, and so forth, and, in the absence of competent, controverting evidence, would negate the element of breach of duty in Mrs. Cloys' cause of action. Thus, the burden rested on Mrs. Cloys to introduce competent, controverting evidence sufficient to raise a fact issue with respect to this element in order to avoid summary judgment.

■ We conclude that Mrs. Cloys discharged this burden by denying in her affidavit, in opposition to the motion for summary judgment, that Dr. Turbin told her that she should have the growth removed or biopsied. In fact, Mrs. Cloys testified affirmatively that Dr. Turbin told her removal or biopsy was unnecessary. Thus, the defendants have failed to negate, as a matter of law, the breach of duty element in Mrs. Cloys' cause of action.

The defendants have also attempted to negate the third element of Mrs. Cloys' cause of action for negligence–actual injury to Mrs. Cloys resulting from Dr. Turbin's alleged failure to conform to the standard of conduct required of him (*i. e.*, in–fact causation of injury). In this respect, the defendant relied on the affidavit of Dr. Phillip Morrow, a general surgeon, who testified:

> I am familiar with the care and treatment of malignant melanoma, and with surgical procedures required as a result of malignant melanoma. In my opinion, based upon reasonable medical probability, even if the surgery which I performed in September, 1978, had been performed during June, 1978, in all reasonable medical probability, the extent of the surgery would have been the same. Further, even had the surgery been performed during June, 1978, the dissection of lymph nodes would have been necessary, just as it was in September, 1978. Therefore, in my opinion, based upon reasonable medical probability, no act or omission on the part of Dr. Turbin or the North Texas Family Practice Association, P.A., caused any injury or damage to Mrs. Cloys. Further, based upon reasonable medical probability the malignant melanoma on Mrs. Cloys' left arm did not spread to other parts of her body between June, 1978, and September, 1978, as lymph nodes in the permanent section were negative, nor were her chances of survival reduced nor her anticipated life span shortened during that period of time.

The first part of this affidavit states that, because the extent of the surgery required

on Mrs. Cloys did not increase between June and September 1978, she suffered no damage as a result of Dr. Turbin's alleged negligence. In this respect, his affidavit is not clear, positive and direct in that it does not negate the possibility, specifically alleged in plaintiff's first amended petition, that the tumor on her arm grew during this period, at least by some imperceptible amount. Accordingly, we hold that an increase in size, no matter how small, would constitute sufficient actual damages to sustain the element of injury in Mrs. Cloys' cause of action. The second part of Dr. Morrow's affidavit states that, because tests on the lymph node dissection were negative, the melanoma did not spread to other parts of Mrs. Cloys' body. This testimony does not negate the possibility that the melanoma spread to parts of Mrs. Cloys' body other than through the lymph nodes actually dissected. Perhaps Dr. Morrow meant that the lymph node tests were determinative of the absence of any spread, to the lymphatic system or otherwise, from the site of the mole–like growth. On the other hand, Dr. Morrow's meaning might have been that the tests revealed only that the lymph nodes were unaffected by melanoma. Thus, his affidavit is ambiguous. This ambiguity was made even more apparent by a second affidavit by Dr. Morrow, attached to Mrs. Cloys' response to the motion for summary judgment, in which he stated: "[B]ased on reasonable medical probability, melanoma may spread through the blood stream, and not exclusively through [the] lymph system."

Given the lack of certainty in Dr. Morrow's affidavits with respect to the issue of in–fact causation of injury to Mrs. Cloys, we hold that his testimony did not meet the express requirement of Tex.R.Civ.P. 166–A(c) that expert opinion evidence be "clear" in order to support a summary judgment. Thus, the defendants have failed to negate, as a matter of law, the element of in–fact causation of injury in Mrs. Cloys' cause of action. Because of this, Dr. Morrow's affidavit that Mrs. Cloys' chances of survival were not reduced and that her anticipated lifespan was not shortened by Dr. Turbin's acts or omissions is clearly inconclusive.

Since we have determined that the defendants have failed to negate the possibility of at least two forms of actual injury to Mrs. Cloys which may have resulted from Dr. Turbin's alleged negligence, we need not address plaintiff's contention that mental anguish alone is sufficient injury to sustain a cause of action in negligence. We note, however, that Dr. Morrow further averred that: "[B]ased on reasonable medical probability, the fact the surgery was performed in September 1978, rather than June 1978, did not cause any additional physical and mental pain and suffering to Mrs. Cloys, nor can I see how it would cause her to lose wages or incur additional medical expenses." Insofar as this statement concerns mental pain and suffering, it is not a subject matter upon which the trier of fact must be guided solely by expert opinion and is therefore insufficient to support summary judgment under the standards imposed by Tex.R.Civ.P. 166–A(c). *See MacMahon v. Nelson*, 39 Colo.App. 355, 568 P.2d 90, 91 (1977).

We also conclude that, since the defendants in the present case have failed to negate the possibility of at least two forms of actual injury to Mrs. Cloys which may have resulted from Dr. Turbin's alleged negligence, Dr. Morrow's testimony concerning Dr. Turbin's not having caused Mrs. Cloys additional physical pain and suffering, additional lost wages, and additional medical expenses is not established as a matter of law. Although Mrs. Cloys' deposition indicates that she may not be able to prove at trial additional mental and physical pain and suffering, additional medical expenses, or additional lost earning capacity, this is no basis upon which to grant summary judgment. *Jones v. General Electric Co.*, 543 S.W.2d 882, 883–85 (Tex.Civ.App.–El Paso 1976, no writ).

Finally, we note that the defendants have produced no summary judgment evidence tending to negate the fourth element of Mrs. Cloys' cause of action–a reasonably close causal connection between Dr. Tur-

bin's conduct and the alleged resulting actual injury (*i. e.,* legal causation of injury). Consequently, we hold that the defendants have not negated, as a matter of law, the existence of any element of Mrs. Cloys' cause of action for malpractice. Accordingly we reverse the summary judgment rendered against Mrs. Cloys and remand the case to the trial court for further proceedings.