Joe D. BROWNING and Browning Associates, Inc., Appellants,

v.

AVIATION OFFICE OF AMERICA and Trinity Universal Insurance Company, Appellees.

No. 20289.

Court of Civil Appeals of Texas, Dallas.

April 27, 1981.

Rehearing Denied May 28, 1981.

Samuel B. Paternostro, Paternostro & Paternostro, Dallas, for appellant.

Kevin H. Good, Strasburger & Price, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

AKIN, Justice.

Plaintiffs Joe D. Browning and Browning Associates, Inc. sued their insurance carriers, Aviation Office of America and Trinity Universal Insurance Company, for indemnity under an insurance contract issued by the defendants covering losses to an aircraft owned by plaintiffs. In this respect, plaintiffs pleaded that they believed that they did not own the aircraft in question, but that in the event that they were determined to be the owners by operation of law in a lawsuit against them in Arizona, then the damages to the aircraft were covered by defendants' policy. Plaintiffs also pleaded that they were defending the Arizona lawsuit on the ground that title to the aircraft had not passed to them. The carriers filed a motion for summary judgment on the ground that no coverage existed because plaintiffs did not own the aircraft at the time that the loss occurred. The trial judge agreed and this appeal ensued. We hold, however, that summary judgment was improvidently granted because the defendants failed to negate, as a matter of law, that the insureds were not the owners of the aircraft at time of loss. Accordingly, we reverse.

The relevant facts, other than ownership, are undisputed. Plaintiffs Browning[1] are in the business of buying, selling and brokering executive aircraft. On January 31, 1976, Browning obtained the aircraft in question from Aircraft Sales, Inc., the plaintiff in the Arizona lawsuit, and flew it to Texas so that a prospective purchaser, Jones, could inspect the aircraft. Because Jones desired to fly the aircraft to Colorado to show his partner, Browning obtained permission from Aircraft Sales for Jones so to do. Instead of flying the aircraft to Colorado, Jones took the aircraft into Mexico where it crashed, sustaining damages in excess of $21,000. After the crash, Arizona Sales contended that it sold the airplane to Browning, which Browning disputed. Immediately upon learning of the crash, Browning contacted the defendant insurers, within the thirty (30) day period in which Browning had the right to report a newly acquired airplane and pay a premium thereon to obtain coverage, but the carriers assured him that he had no problem because he was not the owner. This assurance was given after Browning told the defendant-carriers that he wanted to "cover all bases and take care of any eventuality."

Thereafter, Browning was sued in Arizona by Aircraft Sales, Inc. on the ground that Browning owned the aircraft in question by operation of law. Browning's carriers, defendants here, refused to defend him in the Arizona suit, which is still pending. In the Arizona suit, Browning is defending on the ground that he was not the owner of the aircraft at the time of loss. Thereafter, this suit was filed on the premise that if the Arizona court determined ownership to be in Browning, then the aircraft was covered under the policy sued upon here.

On this appeal, the appellee-carriers concede, for purposes of sustaining summa-

---

1. For sake of clarity, Browning, individually, and Browning Associates, Inc. will be referred to in the singular as Browning.

ry judgment as to lack of coverage, that the trial judge's ruling depends upon the question of whether Browning owned the aircraft at time of loss. This question turns on which party had the burden of proof as to the ownership at the summary judgment hearing. We hold that the burden of proof was upon the carriers to negate the allegations in plaintiffs' petition that Browning may become owner by operation of law. *See Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970); *Cloys v. Turbin*, 608 S.W.2d 697, 699 (Tex.Civ.App.— Dallas 1980, no writ). This the carriers wholly failed to do.

■ The carriers assert, however, that they have met this burden because Browning in his deposition testified that neither he nor his company was the owner of the airplane at the date of loss. Thus, they contend that this is an admission by Browning with respect to ownership. We cannot agree. Browning's statement with respect to his opinion of ownership in a deposition is but a conclusion of a layman as to a question of law. *Southwest Bank & Trust Co. v. Executive Sportsman Association*, 477 S.W.2d 920, 924 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.). As such, the statement does not bear on the real issue of whether, as a matter of law, Browning is either the owner or not the owner by operation of law of the aircraft in question at time of loss. Because no other summary judgment evidence was adduced on this crucial point, the judgment must be reversed.

■ In order to sustain their motion for summary judgment, the appellee-carriers had the burden of negating as a matter of law that Browning might be held to be the owner of the airplane by operation of law. *See Cloys v. Turbin*, 608 S.W.2d 697, 699 (Tex.Civ.App.—Dallas 1980, no writ) (holding that movant must establish that one or more essential elements of plaintiff's cause of action is negated as a matter of law). The essential element here is whether, as a matter of law, Browning did not own the aircraft and, thus, no coverage existed under the policy. In order for the carriers to prevail on summary judgment they must

establish that an essential element of plaintiffs' cause of action, as a matter of law, does not exist. *Rosas v. Buddies Food Stores*, 518 S.W.2d 534, 537 (Tex.1975). We note that it is difficult, at best, to establish conclusively a negative proposition as a matter of law in a summary judgment proceeding. 4 W. Dorsaneo, Texas Litigation Guide § 101.02[3] (1980). *See e. g., Sifford v. Santa Rosa Medical Center*, 524 S.W.2d 559, 561–63 (Tex.Civ.App.—San Antonio 1975, no writ).

Because appellees failed to establish, as a matter of law, non-ownership of the aircraft at the time of loss, the carriers have failed to negate coverage. Accordingly, the summary judgment of the trial court in favor of the carriers is reversed and remanded for further proceedings.