Charles R. McCOLLUM, Appellant,

v.

P/S INVESTMENTS, LTD., d/b/a Weatherbie Apartments Joint Venture, Larry Seitz, and James A. Biddle, Appellees.

No. 05–87–00314–CV.

Court of Appeals of Texas, Dallas.

May 23, 1988.

Rehearing Denied June 30, 1988.

Barry S. Green and D. Bradley Dickinson, Dallas, for appellant.

Charles Michael Gray and Paul W. Brown, Dallas, for appellees.

Before HOWELL, HECHT, and BAKER, JJ.

HECHT, Justice.

Appellant Charles R. McCollum sued appellees P/S Investments, Ltd., d/b/a Weatherbie Apartments Joint Venture, its general partner, Larry Seitz, and James A. Biddle, a real estate appraiser, for rescission and damages, alleging that they defrauded him in a real estate transaction.[1] P/S counterclaimed against McCollum for payment of a promissory note which McCollum gave as part of the same transaction, and attorney fees. The district court granted summary judgment in favor of appellees on McCollum's claims, and, following a nonjury trial on the counterclaim, rendered final judgment in favor of P/S against McCollum for $20,000 plus attorney fees.

1. McCollum also sued "Century 21, Tredway and Dye", allegedly the employer of Mary Booker, a realtor with whom McCollum dealt, and whom McCollum charged also made fraudulent misrepresentations to him. McCollum's claims against this defendant were dismissed with prejudice upon McCollum's motion.

2. McCollum also alleged that Mary Booker, the realtor who first told him about the property, was an agent for P/S and Seitz and made additional misrepresentations to him. P/S and Seitz moved for summary judgment on these allegations as well. The order granting P/S and Seitz's motion for summary judgment decrees that McCollum take nothing against them, thereby disposing of all McCollum's claims, including the alleged misrepresentations of the realtor. In reference to these additional claims, McCollum states in his brief:

> As an important side note, Appellant at one point had asserted that an individual by the name of Mary Booker had, while acting as the agent of P/S and Seitz, made certain fraudulent representations to Appellant. Consequently, P/S and Seitz's Motion for Summary Judgment often refers to these allegations. For the purposes of this appeal, Appellant would argue that the representations of Biddle as an agent for P/S and Seitz gives rise to a cause of action against P/S and Seitz which was not properly disposed of by summary

The fraudulent misrepresentation McCollum alleges is Biddle's opinion of the value of the subject property stated in a formal appraisal which Biddle made.[2] The dispositive issue is whether the summary judgment record establishes that Biddle's knowledge of the property was not superior to McCollum's so that Biddle's opinion cannot be the basis of a claim of fraud. We agree with the district court that Biddle's lack of superior knowledge is established by the summary judgment record. Accordingly, we affirm the judgment of the district court.

## I

The summary judgment evidence establishes the following unchallenged material facts.[3]

McCollum, a real estate broker, learned from Mary Booker, another realtor, that P/S was willing to sell the Weatherbie Square Apartments for $1 million less than a $4.75 million appraisal Booker claimed to have in her possession. Booker showed McCollum a cover letter dated some six months earlier, addressed to Seitz, signed

judgment. Consequently, no mention will be made of the alternative allegation of liability, that is, the representations by Booker.

Whatever McCollum may intend by this somewhat obscure paragraph, one thing is certain: McCollum nowhere complains that the district court erred in dismissing his claims against appellees based upon any misrepresentations by Booker. We may therefore disregard those claims in disposing of this appeal.

3. Appellees' motions for summary judgment do not specify what comprises the summary judgment record. The only summary judgment evidence available to the trial court was the depositions of McCollum, Biddle, Seitz, and McCollum's would-be partner, W. David Holliday. None of these depositions were on file at the time the trial court heard and granted the motions for summary judgment. McCollum concedes that by agreement of all parties the trial court properly considered the first of the two volumes of his deposition, and relies upon the second volume in his brief. McCollum objects to any consideration of the other depositions as part of the summary judgment record. Although we have permitted all depositions tendered to be filed, without attempting to determine the validity of McCollum's objection, we limit our consideration to McCollum's two-volume deposition.

by Biddle, an M.A.I. appraiser, stating that the value of the property was $4.75 million. Without seeing a full copy of the appraisal or visiting the property, McCollum offered $3.45 million for the property, and after some negotiation, signed a contract to purchase the property for $3.59 million. The contract required McCollum to escrow a $20,000 promissory note payable to P/S as liquidated damages in the event McCollum failed to escrow $100,000 earnest money by the note's due date, about one month later. McCollum also paid other various escrow fees and down payments amounting to $17,500.00.

After signing the contract, McCollum requested and received a full copy of the appraisal. McCollum also had one week after signing the contract in which to inspect the property and terminate the contract. McCollum did neither. McCollum did not escrow the earnest money, pay the note, or close on the contract. About a month after the closing was to have occurred, McCollum submitted new offers to P/S to purchase the property. Thereafter, McCollum claimed that the value of the property was not as represented in the appraisal and initiated this action.

## II

The rules governing this summary judgment proceeding are so well settled we need not dwell on them at any length. We recite them briefly here, merely to lay the benchmark for measuring the propriety of the summary judgment in this case.

Apropos of this case:

[A] defendant is entitled to prevail on his motion for summary judgment if he establishes, as a matter of law, that at least one essential element of a plaintiff's cause of action does not exist. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975).

*Cloys v. Turbin*, 608 S.W.2d 697, 699 (Tex. Civ.App.—Dallas 1980, no writ); *see Jeanes v. Henderson*, 688 S.W.2d 100, 107 (Tex. 1985). The plaintiff has no burden of bringing forward evidence in support of his claim and may contend, even without responding to the motion, that defendant has failed as a matter of law to discharge his burden of disproving an essential element of that claim. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). However, once a defendant meets this burden of proving a negative, the plaintiff must raise a genuine issue of material fact to avoid summary judgment. *City of Houston*, 589 S.W.2d at 678–679 (Tex.1979); *Cloys*, 608 S.W.2d at 699–700.

McCollum filed responses to appellees' motions for summary judgment, but made no effort to raise a fact issue, asserting instead only that, as a matter of law, appellees had not discharged their burden of disproving at least one essential element of his claim. Thus, if McCollum was wrong, if appellees met their burden, then the trial court did not err in granting their motions.

## III

Appellees moved for summary judgment in part on the ground that the summary judgment record establishes that an essential element of McCollum's fraud claim— namely, the making of a fraudulent misrepresentation—does not exist. Unquestionably, the making of a fraudulent misrepresentation is an essential element of a fraud action. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977). Appellees contend that the only misrepresentation alleged by McCollum—Biddle's statement as to the value of the property—is an opinion which cannot, as a matter of law, be a fraudulent misrepresentation.

McCollum concedes, as he must, that as a general rule, pure expressions of opinion cannot be fraudulent misrepresentations. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex.1983). The rule applies to opinions as to value. *Frankfurt v. Wilson*, 353 S.W.2d 490, 496 (Tex.Civ.App. —Dallas 1961, no writ). McCollum points out, however, that an exception to this rule exists when the person giving the opinion has knowledge superior to that of the person relying upon the opinion, as, for example, when the facts underlying the opinion are not equally available to both parties. *See Wright v. Carpenter*, 579 S.W.2d 575,

580 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). McCollum contends that appellees had the burden of proving conclusively that this case does not fall within this exception, and that they failed to do so.

Appellees, in turn, concede the exception to the rule asserted by McCollum and concede that they have the burden in a summary judgment proceeding of proving that the exception does not apply. Appellees nevertheless insist that this record shows conclusively that Biddle did not have knowledge superior to McCollum. McCollum denies that appellees have made this showing.

 Biddle's appraisal shows that he based his value assessment on his view of the property and information available to the public. McCollum had the same free access to the property and other information that Biddle had. The summary judgment record establishes that McCollum suffered, not from inferior knowledge, but from studied ignorance. One cannot, by blinding himself to facts set before him, render those who choose to look more knowledgeable.

> "In general, one must rely on his own judgment and investigate before entering into transactions with others. The law does not place a premium on negligence or unreasonable credulity. Prudence and diligence should be exercised in the execution of contracts.'"
>
> ... "[I]f the parties have equal means of knowledge and no artifice or fraud has prevented the person to whom the representation was made from making an examination and forming a judgment in respect to the matter, the representation is to be regarded as a mere expression of opinion. *Statements which frequently come within this rule are those concerning value.*"

*Guitar Trust Estate v. Boyd,* 120 S.W.2d 914, 917–918 (Tex.Civ.App.—Eastland 1938, no writ). *See Fossier v. Morgan,* 474 S.W. 2d 801 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); *Frankfurt v. Wilson,* 353 S.W.2d 490 (Tex.Civ.App.—Dallas 1961, no writ); *Mann v. Rugel,* 228 S.W.2d 585 (Tex. Civ.App.—Dallas 1950, no writ).

McCollum argues that Biddle had superior knowledge because he is an M.A.I. appraiser and McCollum is not. In reality, what McCollum argues is that Biddle had superior *expertise,* not superior *knowledge.* McCollum's argument is factually flawed because the record reflects that McCollum is a real estate broker. Part of the business of real estate brokers is appraisal of the value of real estate. *See* TEX.REV. CIV.STAT.ANN. art. 6573a, § 2(2)(E) (Vernon Supp.1988). McCollum can thus be presumed to have possessed at least some of the same expertise as Biddle. Furthermore, McCollum's argument is legally flawed. The issue, at least in this context, is not expertise but knowledge. *See Fossier v. Morgan,* 474 S.W.2d 801 (Tex.Civ.App. —Houston [1st Dist.] 1971, no writ); *Frankfurt v. Wilson,* 353 S.W.2d 490 (Tex. Civ.App.—Dallas 1961, no writ); *Mann v. Rugel,* 228 S.W.2d 585 (Tex.Civ.App.—Dallas 1950, no writ); *Guitar Trust Estate v. Boyd,* 120 S.W.2d 914, 917 (Tex.Civ.App.— Eastland 1938, no writ). Even assuming that Biddle's ability to value property surpassed McCollum's, the equal access each had to all pertinent information prohibits McCollum from claiming he was defrauded by Biddle's opinion.

The summary judgment evidence conclusively shows that McCollum could readily have formulated his own opinion as to the value of the property simply by exercising the ordinary diligence expected of a reasonable purchaser in the marketplace. The record establishes that Biddle's opinion as to the value of the property, even if false, could not, as a matter of law, support a claim of fraud. Because appellees negated an essential element of McCollum's claim, they were entitled to summary judgment.[4]

---

4. McCollum asserts seven points of error. He contends that the trial court erred in granting

appellees' motions for summary judgment because the record does not establish that his claims do not "fall within the exception to the 'no reliance on opinion' rule" (points 1 and 2), or that he did not rely on Biddle's misrepresentation (points 4 and 5). McCollum also contends that his lack of due diligence, even if established, does not, as a matter of law, negate his reliance upon Biddle's representation (points 4 and 5). McCollum further contends that the trial court erred in granting P/S and Seitz's motion because the record does not establish that Biddle was not their agent, or that "no evidence existed on every element of appellant McCollum's cause of action" (points 3 and 6).

Finally, McCollum complains that the trial court erred in rendering judgment on P/S' counterclaim because his fraud allegations were a defense to that claim (point 7).

As is apparent from what we have said above, we overrule points of error 1 and 2 and conclude that the trial court properly granted summary judgment. Inasmuch as we find that McCollum's fraud claims were properly dismissed, we conclude that they could serve as no defense to P/S' counterclaim, and perforce overrule point of error 7. This analysis disposes of the appeal without necessitating that we address points of error 3 through 6.