J. Wilbur SMITH, Appellant,

v.

Robert Weldon KNIGHT et al., Appellees.

No. 18249.

Court of Civil Appeals of Texas, Fort Worth.

April 24, 1980.

Rehearing Denied May 22, 1980.

L. A. Nelson, Denton, for appellant.

Cowles, Sorrells, Patterson & Thompson, and R. Brent Cooper and Neal S. Holford, Dallas, for appellees.

## OPINION

SPURLOCK, Justice.

This is a legal malpractice case. J. Wilbur Smith sued Robert Weldon Knight, an attorney; and John L. Sullivan and J. E. Savage independent executors of the estate of Fred H. Minor, deceased, for malpractice alleged to have been committed by Knight. Smith claims the estate of Minor is liable because Minor and Knight were law partners at the time of the occurrence. The malpractice was allegedly committed in 1972. The trial court granted summary judgment that Smith take nothing as to all defendants based solely upon the application of the two year statute of limitation.

We affirm in part and reverse and remand in part.

Smith alleges that he engaged Knight to perform a title search on property he was planning to buy. He delivered an abstract to Knight together with the purchase money. Knight agreed to perform the title search, close the sale, and record the deed conveying the property free of liens to Smith. Knight overlooked a recorded deed of trust lien. The sale was closed and Smith made valuable improvements to the property. On May 10 or 11, 1976 Smith received a letter from an attorney advising him of the lien and informing him that the property was being posted for sale under the deed of trust because the note secured by this lien was in default. Smith investigated and found that the lien was recorded before the 1972 title search was made and that the lien was valid. In order to prevent foreclosure upon his property he paid the

lienholder $8,429.42 on September 29, 1976. Smith filed suit for this sum on May 11, 1978.

The estate of Minor moved for summary judgment on the sole ground that this suit was barred by the two year statute of limitation, Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). The motion was granted on July 16, 1979.

Smith filed an appeal bond dated July 31, 1979, appealing from this summary judgment. Thereafter on August 14, 1979 the trial court granted summary judgment as to Robert Weldon Knight. However, Knight had filed no motion seeking a summary judgment.

Smith and the attorneys in partnership had a relationship of trust and confidence. In this situation the failure of plaintiff to examine the public records is excused, see 37 Tex.Jur.2d *Limitation of Actions* § 75 p. 211 *et seq.* (1962) and *Courseview, Incorporated v. Phillips Petroleum Co.*, 158 Tex. 397, 312 S.W.2d 197 (1957). As a general rule limitation begins to run when the occurrence takes place. Under the facts in this case it is our opinion that this case falls into a recognized exception. It is well stated in 37 Tex.Jur.2d *Limitation of Actions* § 62, p. 185 (1962).

> "Moreover, there are said to be exceptions to the general rule, one being where there has been a relation of trust and confidence between the parties, such as may arise in matters pertaining to principals and agents or trustees." (Citing cases.)

Under the facts in the case before us, a layman engaged counsel to perform a title investigation. They had a relationship of attorney and client, one of confidence and trust. It was not incumbent upon Smith to examine the abstract himself and to go to the courthouse and examine the records. He employed a trusted attorney skilled in the law to perform this task for him. Therefore it is our opinion that limitation does not begin to run until such time as Smith discovered the defect in title or until such time that he should have discovered it after exercising ordinary diligence to discover same.

We affirm the judgment as to Minor's executors because after they had pleaded the statute of limitation, Smith did not plead anything in avoidance thereof. Under these circumstances the limitation period began to run in 1972.

After a defendant has pleaded limitation a plaintiff has the burden of alleging and proving facts that would entitle him to avoidance. 37 Tex.Jur.2d *Limitation of Actions* § 203, p. 393 (1962).

We affirm the judgment as to these executors for the additional reason that plaintiff's petition shows on its face the cause of action occurred more than two years before suit was filed unless the statute was tolled. Smith not only failed to plead avoidance of limitation but also failed to introduce any summary judgment evidence. Thus there is no evidence of when he discovered facts allegedly amounting to malpractice. Therefore he did not meet the requirement of Tex.R.Civ.P. 166–A.

We reverse and remand as to Knight because the transcript does not reflect that he has ever filed a pleading of limitation. Neither has he ever filed a motion for summary judgment.

Affirmed as to John L. Sullivan and J. E. Savage, executors of the estate of Fred H. Minor, deceased. Reversed and remanded as to Robert Weldon Knight.