**Richard JIMENEZ, Appellant,**

v.

**Pat MALONEY and Sylvan R. Alter, Appellees.**

No. 04–81–00355–CV.

Court of Appeals of Texas, San Antonio.

Feb. 23, 1983.

**674**

Richard Jimenez, pro se.

Pat Maloney, Thomas H. Crofts, Jr., Ann Livingston, Groce, Locke & Hebdon, San Antonio, for appellees.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment. Appellant brought suit against his attorneys, appellees, alleging legal malpractice. The trial court granted summary judgment that the suit was barred by the statute of limitations. We affirm.

Appellant's *pro se* contentions assert (1) that parole status suffices for imprisonment within the meaning of Tex.Rev.Civ.Stat. Ann. art. 5535 (Vernon 1958), and (2) that the discovery rule applies to legal malpractice.

Pat Maloney and Sylvan R. Alter represented appellant as court-appointed counsel in a prosecution for murder with malice which resulted in a guilty verdict on June 24, 1966. Appellant was sentenced to a term of 99 years on June 29, 1966. No motion for new trial was filed nor was an appeal perfected. Appellant was subsequently paroled on October 5, 1977, but reincarcerated on January 26, 1979, for attempted capital murder and ultimately convicted. The conviction for attempted capital murder is not involved in the instant appeal except as it relates to the time of reincarceration.

Appellant brought suit on March 19, 1981, on the ground that appellees' failure to file a motion for new trial or perfect an appeal constituted legal malpractice. Maloney states by affidavit that the trial court was given notice of appeal and informed of the intention to file a motion for new trial. Both appellees state, in their respective affidavits, that appellant directed them to terminate their pursuit of postconviction remedies after appellant learned that a new trial would subject him to the risk of imposition of the death penalty. Appellant contends that he was not properly apprised of his post-conviction rights and what information he was afforded was misrepresented. He further contends that he was not informed of, nor did he consent to, the decision not to pursue a motion for new trial or appeal.

Appellant's first point of error claims that his parole, or alternatively his reincarceration, tolled the limitation period originally tolled by his initial incarceration. Article 5535, *supra,* provides:

> If a person entitled to bring any action mentioned in this subdivision of this Title be at the time the cause of action accrues ... a person imprisoned ... the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability as allowed to others by the provisions of this Title.

Parole is statutorily defined as a release of a prisoner from imprisonment, but not from the legal custody of the State. Tex.Code Crim.Pro.Ann. art. 42.12(A)(2)(c) (Vernon 1982). Whether a party is a "person imprisoned" within the meaning of article 5535, *supra,* is determined by the nature and degree of the restraint imposed and its affect on one's ability to manage his affairs. *Carter v. Associated Transfer and Storage Co.,* 410 S.W.2d 830, 832–33 (Tex.Civ.App.— Waco 1966, no writ). Disability includes practical as well as legal incapacity to sue. *Adler v. Beverly Hills Hospital,* 594 S.W.2d 153, 158 (Tex.Civ.App.—Dallas 1980, no writ).

Appellant states that upon parole he "had both a mental and physical restraint imposed on him." Appellant fails to delineate, and we are unable to discern, what conditions and provisions for disciplinary supervision imposed by the Board of Pardons and Paroles inhibited or prohibited him from gaining access to the courts. We find that appellant's parole did not constitute imprisonment within the context of article 5535, *supra.*

Appellant alternatively contends that his reincarceration tolled the limitation period. Appellant was paroled on October 5, 1977, and was reincarcerated on January 26, 1979, approximately 7 months prior to the expiration of the two year limitation period. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp.1982–83). However, Tex. Rev.Civ.Stat.Ann. art. 5544 (Vernon 1958) states:

> The period of limitations shall not be extended by the connection of one disability with another; and, when the law of limitations shall begin to run, it shall continue to run, not withstanding any supervening disability of the party entitled to sue or liable to be sued.

Once the limitation period has begun to run, it is not tolled by reimprisonment. *Stephens v. Curtis,* 450 F.Supp. 141, 144 (S.D. Tex.1978); *see also Blum v. Elkins,* 369 S.W.2d 810, 812–813 (Tex.Civ.App.—Waco 1963, no writ) (once statute commenced it was not tolled by imprisonment). We hold that appellant's disability was removed upon his parole and that the limitation period was not again tolled by his reincarceration. Point of error one is overruled.

Appellant in his second point of error argues for the applicability of the discovery rule to legal malpractice. Appellant claims that his cause of action did not accrue for purposes of the two year limitation period until he discovered, or should have discovered through the exercise of reasonable diligence, that a cause of action based on legal malpractice existed.

There is a split of authority in the courts of appeals as to the applicability of the discovery rule to legal malpractice. *See* *McClung v. Johnson,* 620 S.W.2d 644 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.) (discovery rule not applied); *Smith v. Knight,* 598 S.W.2d 720 (Tex.Civ.App.— Fort Worth 1980, writ ref'd n.r.e.) (discovery rule applied). Although the writ history of *Smith, supra,* indicates no reversible error, the per curiam opinion of the Supreme Court states, in pertinent part:

> However, the court of civil appeals also wrote that the 'discovery rule' applies to this legal malpractice case, because of the existence of a fiduciary relationship between the client and his attorney. Because the client's failure to controvert the motion for summary judgment is dispositive of the case, we do not reach the question of the applicability of the 'discovery rule' in legal malpractice cases.

*Smith v. Knight,* 608 S.W.2d 165, 166 (Tex. 1980).

In *McClung, supra,* the court declined to apply the discovery rule and held that in legal malpractice cases the commencement of the statute of limitations is tolled during the continuance of the attorney-client relationship. The court stated, in pertinent part:

> We are persuaded that the general rule [occurrence rule], as distinguished from the discovery rule, may not be strictly applied in favor of an attorney, however, because, in addition to his position of trust and confidence with respect to his client, he also has a legally imposed duty to disclose facts material to his representation. *Rice v. Forestier,* 415 S.W.2d 711 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.) ... We conclude that the relationship creates a duty, and breach of the duty is tantamount to concealment. We, therefore, hold that failure to disclose operates to toll the statute of limitations for so long as the duty exists, and that the duty to disclose ceases when a relationship giving rise to the duty ends. *Id.* at 647.

While the writ history in *McClung, supra,* is also "no reversible error," the Supreme Court did not exclude from the scope of the notation the court of appeals' determination

that the discovery rule was inapplicable to legal malpractice. *See Smith, supra.* We are of the opinion that *McClung, supra,* properly declares the law with respect to the inapplicability of the discovery rule to legal malpractice.

 In the instant case, appellant was convicted of murder with malice on June 24, 1966. Sentence was imposed on June 29, 1966. The record is devoid of any subsequent communications between appellant and appellees indicating that the attorney-client relationship terminated soon after the date of sentencing. Assuming *arguendo* that appellees did fail to disclose facts material to appellant's representation, the duty to disclose ceased soon after June 29, 1966. The instant suit was filed approximately 15 years later on March 19, 1981, clearly after the expiration of the two year statute of limitations. Point of error two is denied.

We hold under the these facts that the two year statute of limitations began to run at the time of appellant's parole on October 5, 1977, and that the limitation period expired on October 5, 1979.

The judgment of the trial court is affirmed.