Robert H. RICE, Appellant,

v.

Danny FORESTIER, Appellee.

No. 14576.

Court of Civil Appeals of Texas.

San Antonio.

April 12, 1967.

Rehearing Denied May 10, 1967.

Sam J. Dotson, John W. Bell, San Antonio, for appellant.

Chapin, Narciso & Cameron, San Antonio, for appellee.

BARROW, Chief Justice.

This is an action for legal malpractice. This suit was filed by appellee, Danny Forestier, to recover damages sustained by him as a result of a default judgment taken against him in a suit for debt filed in Jefferson County, Texas, by the Standard Brass & Manufacturing Co. Judgment was herein rendered in the sum of $1,250.00, based upon jury findings that appellant, Robert H. Rice, Esq., negligently failed to advise appellee, within a reasonable time after receipt of the suit papers, that Rice would not act as Forestier's personal attorney in the Standard Co. suit, and that this negligence was a proximate cause of appellant's monetary loss of $1,250.00.

Appellant urges fifteen assignments of error, which may be grouped under two basic propositions. First. Since the jury found that Forestier did not employ Rice to act as his personal attorney in the Standard Co. suit there is no basis for liability against Rice. This proposition is based on an alleged lack of pleadings to support a judgment against Rice under the negligence theory, as well as a lack of duty on the part of Rice necessary to support the finding of negligence. Second. There is no evidence of probative force to support the jury finding that Forestier had a meritorious defense to the Standard Co. suit.

In his petition Forestier alleged Rice negligently breached his contract of employment with Forestier in that Rice (1) failed to file a legal answer in the Standard Co. suit, and (2) failed to advise Forestier that Rice was not going to act as the latter's attorney in this suit, so that Forestier could secure other counsel to protect his interests. Although both allegations have reference to a "contract of employment," the second allegation presents an alternative cause of action which of necessity would be based upon Rice's decision not to accept a contract of employment. It is our opinion that in the absence of a special exception, this allegation is sufficient to give appellant fair notice of this alternative claim. Rules 47, 48, Texas Rules of Civil Procedure. In any event, Rice waived any defect in this pleading by his failure to object to the submission of this theory to the jury. Rule 274, T.R.C.P.; Turner v. Turner, Tex.Civ. App., 384 S.W.2d 195, no writ; Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861, writ ref'd.

The question under the first proposition is therefore narrowed to whether or not Rice owed such a duty to Forestier so as to support the jury's finding of negligence. The Standard Co. suit was in the form of a sworn account brought against Forestier Sheet Metal, Inc., and Danny Forestier.

There was no such corporation in existence, although prior to 1961, when Forestier had incorporated the family business under the name of Forestier, Inc., he and his mother did business as Forestier Sheet Metal. Both citations were served upon Forestier on December 17, 1964, and were returnable on or before January 11, 1965. No answer was filed, and default judgment was entered on January 13, 1965, against Forestier Sheet Metal, Inc. and Danny Forestier, jointly and severally, for the debt of $1,499.37, plus attorney's fees of $500.00.

On December 17, 1964, Rice was representing Forestier in a voluntary bankruptcy proceeding filed on behalf of Forestier, Inc., which was not concluded until January 19, 1965. Rice had also handled at least two other legal matters for Forestier and his wife, personally. One of these other matters was not concluded until the summer of 1965. On these occasions statements for services and expenses were sent to Forestier by Rice, from time to time, and paid by Forestier.

There is a conflict in the testimony as to whether or not Forestier delivered the citations in the Standard Co. suit to Rice personally. Forestier testified that he did so and that Rice said he would take care of the matter. Rice denied receiving the papers from Forestier or even discussing the same with him, and testified that Forestier's wife left the citations in Rice's office with the latter's secretary. In any event, there is no testimony that Rice ever declined to represent Forestier in this or any other matter until after the judgment was taken.[1] The record is undisputed that Rice knew the citations were in his office, in that a plea of privilege was there prepared on behalf of Forestier, Inc., together with a transmittal letter to the District Clerk of Jefferson County, dated December 22, 1964. Rice testified that these instruments were pre-

pared by his secretary, and when she showed them to him he told her that since the corporation was in bankruptcy there was no need to file them. The secretary was directed by Rice to place the papers in a file where they remained until about August, 1965, when the file was delivered to another attorney who was employed by Forestier in a futile effort to avoid a judicial sale of Forestier's land under execution issued on the Standard Co. judgment. This attorney testified that he received two citations from Rice's file, one addressed to Forestier Sheet Metal, Inc., and the other to Forestier individually.

■ It is our opinion that under this record Rice owed a duty to inform Forestier that Rice was not going to file an answer for Forestier. In view of the fact that Rice was handling other matters for Forestier at this time, Forestier was justified in leaving the citations with Rice or his secretary. Rice admits he saw at least one of the citations and petitions and is thereby charged with knowledge of the contents of same. Rice certainly had the right to decline to represent Forestier in this matter if he chose to do so. In such event, however, he would have been obligated to inform Forestier of this decision. The jury was justified in concluding that Rice was negligent in failing to advise Forestier of his refusal to handle the case in order that Forestier could timely secure other counsel. We, therefore, overrule appellant's first proposition.

■ In order for this negligence to result in a monetary loss to Forestier and support a recovery for same against Rice, it was necessary that Forestier establish that he had a meritorious defense to the suit filed by Standard Co. 45 A.L.R.2d, Annotation: Attorneys—Negligence—Liability, § 9, p. 30; Roehl v. Ralph, 84 S.W.2d 405 (Mo.Ct. of App.); Maryland Casualty Co. v. Price, 231

---

[1]. Rice was working on an oil deal for Mr. and Mrs. Forestier, a Mr. Clark and a Mr. Zahn. On January 13, 1965, an argument occurred in Rice's office among these parties regarding the oil deal and Rice advised all that he would not represent any of these parties individually on this oil deal.

F. 397 (4th Cir.Md.); Martin v. Nichols, 110 Wash. 451, 188 P. 519 (1920). Appellant urges that since the Standard Co. suit is on a sworn account and Forestier admitted that he received the goods, he has no meritorious defense. Rice urges that there is no evidence to support a finding by the jury that Forestier had such a defense to the Standard Co. suit.

Forestier testified that the goods were actually received and used by Forestier, Inc., and in fact this debt was one of those which were to be discharged by the bankruptcy court. He testified that long-time creditors of the business sometimes carried the corporation's account in the name of "Forestier Sheet Metal" as it had formerly been known. It is seen that two invoices are attached to the Standard Co. petition; one in the amount of $655.17 is charged to "Forestier, Incorporated," and the other in the amount of $884.20 is charged to "Forest*ire* Sheet Metal, Inc." Both are addressed to the same address. This testimony supports the jury finding of a meritorious defense in that Forestier would not be personally liable if this debt were that of the corporation. It necessarily follows that the failure to file an answer to the suit on behalf of Forestier personally resulted in a default judgment being taken against him.

When the record is examined under the "no evidence" test as required by appellant's points,[2] there is evidence to support the verdict of the jury that Rice was negligent in failing to timely advise Forestier that Rice was not going to act as Forestier's personal attorney in the Standard Co. suit, and that this negligence was a proximate cause of the monetary loss sustained by Forestier by reason of the default judgment taken against him in a suit where he had a meritorious defense. 7 Am.Jur.2d, Attorneys at Law, § 171.

The judgment is affirmed.

2. Calvert's "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 364.