Donald PACK, Appellant,

v.

Jack TAYLOR and Foster and Garrett, Appellees.

No. 18160.

Court of Civil Appeals of Texas, Fort Worth.

June 7, 1979.

Rehearing Denied July 5, 1979.

Timothy E. Kelley, Dallas, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, and Richard L. Griffith and Mark C. Hill, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

By this opinion we affirm a summary judgment for defendant.

For background information important to the issue here discussed, see opinions in Pack's antecedent suit, viz: *Pack v. City of Fort Worth*, 552 S.W.2d 895 (Tex.Civ.App. —Fort Worth 1977), with writ ref'd n. r. e. and memorandum opinion by Supreme Court at 557 S.W.2d 771. Date of the Supreme Court's order was November 2, 1977.

From a time-table standpoint as applied to Pack's antecedent suit we have: (1) injury date February 6, 1973; (2) suit filed against City of Fort Worth January 16, 1975; (3) summary judgment denying Pack any relief March 18, 1976; (4) Court of Civil Appeal judgment in affirmance of trial court June 6, 1977; (5) Supreme Court's order of November 2, 1977.

February 10, 1978 Pack filed the instant suit against Jack Taylor, et al., the attorney initially employed and that attorney's employer law firm. Premise for such suit was the alleged malpractice of Taylor on or about March or April in 1974 in having informed Pack, his client, that no impairment to Pack's contemplated suit against the city would result should he execute the release the city had tendered to him. Pack did sign the release on April 8, 1974. The events leading to such action and the advice given related thereto is a matter of dispute; but for summary judgment purposes we are bound to treat the situation with presumption that malpractice on the part of the attorney existed (whether it was or was not the fact).

(The instrument of release was the "Employees' Retirement Fund of the City of Fort Worth Retirement Certificate" considered on Pack's appeal when he lost his case against the city (552 S.W.2d 895). It had, incorporated therein, language susceptible to be construed as a release of the City of Fort Worth because of any and all claims because of injuries. From the earlier opinion of this court the construction given this instrument was that it was truly a release at law; and that Pack's execution of the same, coupled with subsequent ratification through receipt of monthly pension checks, constituted the final settlement of claims arisen because of his injuries sustained February 6, 1973.)

The times for what is alleged to have been the acts or omissions constituting negligence of Taylor, not long prior to date Pack signed the release, coupled with the action thereby occasioned in signing the same on April 8, 1974, add two additional dates for consideration in addition to those listed in the third paragraph by numbers (1) to (5) inclusive.

As already stated the instant suit was filed February 10, 1978. In testing application of the two-year statute of limitation (Tex.Rev.Civ.Stat.Ann. art. 5526 (1958) "Actions to be commenced in two years"), the determinative question is the proper date upon which the applicable limitation period began. Taylor, et al. as defendants to the

Pack suit plead limitation; if Pack did not timely file his suit he was thereby foreclosed from prosecuting it. For purposes of summary judgment the burden was cast upon Taylor, et al. but in this case that is not a problem, the matters of importance being without dispute and so demonstrated by the record.

Pack seeks to disregard the times when he had his dealings with Taylor and was told it was all right to sign the release; and he also seeks to disregard the date of April 8, 1974 when he signed it. His contention is that any applicable period of limitation could not have begun until there was a judgment of a court upon whether there had been a release of his claim. As hereinabove noticed the trial court's judgment was March 18, 1976 and Pack's suit against Taylor was filed within the two-year period following. Pack contends that limitation actually did not begin to run until the action by the Supreme Court on November 2, 1977.

■ In malpractice actions against attorneys by their clients, absent contention of fraud or fraudulent concealment, the applicable period of limitation begins with date of "legal injury" which gives rise to the right to bring an action in tort; and, *assuming that the date of "legal injury" is the same as that on which the alleged negligence or breach of duty by the attorney occurred*, it begins to run at that time. The date of the "legal injury" is not the time it is discovered, or the date when actual damage is fully ascertained. The client's "legal injury" has accrued when the force which produces the injury is wrongfully put in motion and has caused harm such that damages exist for which suit may be maintained.

On the foregoing see 54 C.J.S. *Limitations of Actions* § 168 (1948) (*In General*)-a. *General Principles* at 122; *Atkins v. Crosland*, 417 S.W.2d 150 (Tex.1967) as it modifies and qualifies *Crawford v. Davis*, 148 S.W.2d 905 (Tex.Civ.App.—Eastland 1941, no writ), the latter being a malpractice case against an attorney; *Houston-American Finance Corporation v. Travis*, 343 S.W.2d 323 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.); *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977); *Hurbrough v. Cain*, 571 S.W.2d 216 (Tex.Civ.App.—Tyler 1978, no writ), and *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App.—Eastland, 1979).

■ Applying the appropriate test to the circumstances of the instant case it is to be observed that the "legal injury" done to the interest of Pack occurred when he acted upon that which he alleged to have been the earlier information and/or advice of Taylor and signed the release on April 8, 1974.

April 8, 1974, though later than that on which the alleged negligence or breach of duty by Taylor was alleged to have occurred, was that on which the force which produced Pack's injury was put in motion as the result. It was on April 8, 1974 that Pack's "legal injury" was sustained, and cause of action born, so that suit could have been properly brought, and it would accordingly be that date from which any applicable period of limitation would be computed. In other words, any period of limitation would be computed from the time when he could have brought the instant suit, not in November of 1977 when the Supreme Court refused his application for writ of error. *Executive Com. of El Paso Cty. Repub. Pty. v. Karr*, 521 S.W.2d 147 Tex.Civ.App.—El Paso 1975, no writ); and *Godde v. Wood*, 509 S.W.2d 435 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).

Because of Tex.Rev.Civ.Stat.Ann. art. 5526 (1958) and the fact it was plead, the trial court did not err in rendering the summary judgment denying Pack the relief sought. Because of the applicability of limitation the judgment must be affirmed no matter what other complaint might be presented.

Others of the Pack points of error have nevertheless been examined; we hold them to lack merit. They are all overruled.

Judgment is affirmed.