**John Paul McCLUNG, Appellant,**

v.

**Robert C. JOHNSON, et al., Appellees.**

**No. 20448.**

Court of Civil Appeals of Texas, Dallas.

April 23, 1981.

Rehearing Denied May 29, 1981.

Earl Rutledge, Fort Worth, for appellant.

Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

Before AKIN, CARVER and STOREY, JJ.

STOREY, Justice.

This is a legal malpractice case in which summary judgment was granted on the ground that plaintiff's cause of action was barred by the two-year statute of limitations. Plaintiff McClung appeals asserting that a question of fact was presented regarding the time of accrual of his cause of action. He contends that the discovery rule applies to actions arising out of the attorney-client relationship, and, alternatively, that a fact question is raised as to whether defendant fraudulently concealed facts which, if revealed, would have demonstrated to plaintiff that he had not been advised of his rights and that his rights had not been protected. We hold that a cause of action for legal malpractice accrues when the act or default occurs and damages are ascertainable; but that, while the attorney-

client relationship exists, the statute is tolled by the attorney's failure to disclose material facts to his client. Because the relationship ceased more than two years before suit was filed, and no affirmative act of concealment thereafter is shown, the action is barred. Accordingly, we affirm.

For purpose of our review, we will assume the facts to be as plaintiff's affidavits relate them. McClung was the owner of 688 shares of capital stock of Leslie Miller, Inc. On March 22, 1972, he received notice that the corporation contemplated the sale of substantially all of its real property. After giving notice of his dissent, McClung hired Robert C. Johnson, a partner in the law firm of Grady, Johnson, Smith & Blakely, "to advise him of his rights as a dissenting shareholder, to represent him as such, to take any and all actions, and do any and all things necessary to advise McClung of, and to protect his rights as a dissenting shareholder . . . ." By letter dated March 31, 1972, Johnson demanded payment from Leslie Miller, Inc. of the fair value of McClung's shares within ten days of notice as required by Tex.Bus.Corp.Act.Ann. art. 5.12 (Vernon 1980). At that time, all actions to preserve McClung's rights as a dissenting shareholder had been taken. However, when payment for the shares was not forthcoming, Johnson took no further action either to file a dissenting shareholder's action or to advise McClung that an action must be filed within sixty days. The sixty-day period for the filing of a dissenting shareholder's suit as mandated by article 5.12 expired July 20, 1972, and thereafter McClung's rights against Leslie Miller, Inc. were foreclosed. The attorney-client relationship between McClung and Johnson ended, at the latest, on July 20, 1973. On this date McClung's new attorney stated in a letter to Leslie Miller, Inc. that Johnson had withdrawn and that he was not McClung's attorney-of-record. McClung first learned of Johnson's alleged dereliction in December of 1973. This suit was filed on July 21, 1975.

The general rule is that a cause of action sounding in tort accrues when the tort is completed, that is, the act committed and damage suffered. *Atkins v. Crosland,* 417 S.W.2d 150 (Tex.1967). This rule is supported by the public policy expressed in our statutes of limitation which favor repose and discourages the assertion of stale demands. It has been followed in legal malpractice cases by two of our courts of civil appeals. *Pack v. Taylor,* 584 S.W.2d 484 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.); *Crawford v. Davis,* 148 S.W.2d 905 (Tex.Civ.App.—Eastland 1941, no writ). The tort here alleged was completed, that is, the act committed and the damages ascertainable, on July 20, 1972, the date mandated by article 5.12 for filing of the dissenting shareholder's suit. If the limitation period runs from this date, as defendant contends, plaintiff's present cause of action is barred.

On the other hand, McClung contends that because he did not discover defendant's alleged dereliction until December 1973, that his action is not barred because limitation does not commence until his discovery. The "discovery rule" on which plaintiff relies is supported by a countervailing public policy applied generally to preserve a litigant's cause of action in matters properly characterized as inherently undiscoverable, as in cases of fraud, *Glenn v. Steele,* 141 Tex. 565, 61 S.W.2d 810 (Tex.1933); leaving foreign objects in a patient's body, *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967); vasectomy, *Hays v. Hall,* 488 S.W.2d 412 (Tex. 1972); defamation that is not of public knowledge, *Kelley v. Rinkle,* 532 S.W.2d 947 (Tex.1976).[1] The discovery rule is not applied in Texas so as to excuse a party from the exercise of reasonable diligence in protecting his own interests merely because a relationship of trust and confidence exists. *See Courseview, Inc. v. Phillips Petroleum Co.,* 158 Tex. 397, 312 S.W.2d 197, 205

---

1. This rule has been applied to legal malpractice cases in Texas on one occasion. *Smith v. Knight,* 598 S.W.2d 720 (Tex.Civ.App. —Fort Worth 1980). The supreme court, in refusing a writ of error, no reversible error, expressly reserved its ruling on the applicability of the discovery rule. 608 S.W.2d 165 (Tex. 1980).

(1957). Apparently relying upon this rationale our courts have declined to apply the discovery rule in legal malpractice cases but instead have held that limitation commences at the date of the wrongful or negligent act. *Pack v. Taylor, supra.*

■ We are persuaded that the general rule, as distinguished from the discovery rule, may not be strictly applied in favor of an attorney, however, because, in addition to his position of trust and confidence with respect to his client, he also has a legally imposed duty to disclose facts material to his representation. *Rice v. Forestier,* 415 S.W.2d 711 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.). This duty, and the effect of its breach, was not considered by the respective courts of civil appeals in *Pack* and *Crawford.* We conclude that the relationship creates the duty, and breach of the duty is tantamount to concealment. We, therefore, hold that the failure to disclose operates to toll the statute of limitations for so long as the duty exists, and that the duty to disclose ceases when the relationship giving rise to the duty ends. The Indiana Supreme Court expressed this rule in a case concerning the physician-patient relationship:

> [W]here the duty to inform exists by reason of a confidential relationship when that relationship is terminated the duty to inform is also terminated; concealment then ceases to exist. After the relationship of physician and patient is terminated, the patient has full opportunity for discovery and no longer is there a reliance by the patient nor a corresponding duty of the physician to advise or inform. The statute of limitations is no longer tolled by any fraudulent concealment and begins to run.

*Guy v. Schuldt,* 236 Ind. 101, 138 N.E.2d 891, 895 (1956). It is clear that by "fraudulent concealment" the Indiana Court meant silence or breach of a duty to disclose rather than any other affirmative act of concealment. We believe this rule appropriate as well to the attorney-client relationship. In this case plaintiff has alleged facts brought forward by summary judgment evidence creating an issue as to the malpractice of defendants. By failing to disclose such facts, assuming their truth for the purposes of summary judgment, defendants have concealed the cause of action against them from plaintiff for so long as the duty continues, that is, so long as the attorney-client relationship exists.

■ We next determine the effect of this rule upon the case at hand. As we have indicated, representation ceased by July 20, 1973, and this suit was filed July 21, 1975. Here the two-year statute of limitations applies. *Citizens State Bank of Dickinson v. Shapiro,* 575 S.W.2d 375 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Pack v. Taylor,* 584 S.W.2d 484 (Tex.Civ. App.—Fort Worth 1979, writ ref'd n.r.e.); *Cox v. Rosser,* 579 S.W.2d 73 (Tex.Civ.App. —Eastland 1979, writ ref'd n.r.e.). Plainly, plaintiff would be foreclosed had July 21, 1975, not been a Monday. The two-year period obviously ended on Sunday, July 20, 1975, under the rule announced in *Kirkpatrick v. Hurst,* 484 S.W.2d 587 (Tex.1972), that the statutory period is not enlarged by such an eventuality. We recognize that, apparently in response to *Kirkpatrick,* the legislature enacted Tex.Rev.Civ.Stat.Ann. art. 5539d (Vernon Supp. 1980–1981), effective August 29, 1977. That act provides:

> If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to the next day that the offices of the county are open for business.

If the statute can apply in this case, plaintiff is not barred; if the statute cannot apply, limitations has run pursuant to *Kirkpatrick v. Hurst, supra.*

The timetable of events is as follows:

| | | |
|---|---|---|
| July 20, 1973 | – | representation ceases |
| July 21, 1975 | – | suit is filed |
| August 29, 1977 | – | Act becomes effective |

Because the suit was pending at the time the Act became effective, our inquiry is whether art. 5539d has retroactive application as a purely procedural matter not affecting any vested right. Our inquiry in this matter is quickly foreclosed, however,

**648**

by the case of *Mellinger v. Mayor of Houston*, 68 Tex. 37, 3 S.W. 249 (1887). In that case, Mr. Justice Stayton held that the legislature could not, consistent with the Texas Constitution, act to bar a defense of limitations when the period had already run. In that case, the defendant sought to raise the defense of limitations to the collection of taxes. The legislature had sought to deny such a defense, but the legislation was enacted after the limitations period had run. The supreme court held that the statute might not be applied retroactively. As that court refused to allow legislation to destroy a defense of limitations already vested, we may not do otherwise. *See also Ex parte Abell*, 613 S.W.2d 255 (Tex.1981).

We address briefly certain other points raised. The most serious of McClung's assertions is that the cause of action was fraudulently concealed. Obviously, fraudulent concealment extending beyond the period of representation would toll the accrual date. However, in this case, the only summary judgment evidence, apart from a failure to disclose, is a memorandum purportedly prepared by defendant in 1975, but which plaintiff asserts was actually prepared during the course of this litigation. Assuming that the summary judgment evidence confirms that the memorandum was in fact prepared at the time asserted by plaintiff, therefore, it could not be evidence of fraudulent concealment, because it happened after this suit was filed. *Nothing* is shown by summary judgment evidence to have occurred, between the time representation ceased and the time suit was filed except the failure to disclose, and that, we hold, cannot raise an issue of estoppel in the absence of a present duty to disclose. It was plaintiff's burden to present summary judgment evidence which would raise the question of fraudulent concealment. *Smith v. Knight, supra.*

There is no pleading of actual fraud, but only of constructive fraud. Constructive fraud is alleged generally and is not supported by proof. Further, Johnson is not shown to have benefited from any transaction in which he was a fiduciary, and

hence no presumption of fraud arises. *See generally, Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502 (Tex.1980).

Affirmed.