**Evelyn G. and John A. CREAN, Appellant,**

v.

**Jason W. CHOZICK, Appellee.**

**No. 04–85–00399–CV.**

Court of Appeals of Texas, San Antonio.

June 11, 1986.

Rehearing Denied July 9, 1986.

Writ filed Aug. 7, 1986.

John D. Wennermark, San Antonio, for appellant.

Melvin A. Krenek, San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is a summary judgment case concerning an action for legal malpractice.

The trial court granted appellee's motion for summary judgment on the basis that appellant's suit was barred by the two year statute of limitation. On appeal, appellants contend that the statute of limitations did not begin to run until they discovered the alleged negligent act or omissions of appellee or upon the termination of the lawyer/client relationship.

We are asked to determine whether the trial court erred in granting the summary judgment. Appellee was the movant for summary judgment and was required to show as a matter of law that no genuine issue of material fact existed as to one or more elements of appellants' cause of action. *Cloys v. Turbin*, 608 S.W.2d 697, 699 (Tex.Civ.App.—Dallas 1980, no writ). Appellants as the nonmoving party had the burden of filing a response which presented fact issues to the trial court as a predicate to relying on those issues on appeal as grounds for reversal. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979); TEX. R. CIV. P. 166–A(c). The discovery rule is that the statute of limitations does not begin to run until the "wrong" has been discovered or until a party acquires knowledge which, in the exercise of reasonable diligence by a plaintiff, would lead to the discovery of the wrong. *Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex.1967). However, Texas courts have declined to adopt the discovery rule in legal malpractice cases. *McClung v. Johnson*, 620 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Pack v. Taylor*, 584 S.W.2d 484, 486 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.).

Appellants, Mr. and Mrs. John A. Crean, retained appellee as their attorney in 1981 for the purpose of adopting Mrs. Crean's daughter from a prior marriage. The natural father of the child, Leroy Joe Matjeka, was served by publication. The adoption was granted in 1981. Subsequently, on Mr. Matjeka's petition, the court set aside the adoption. Appellants filed suit in October 1984 against appellee, claiming legal malpractice based on allegations that their attorney negligently handled the adoption case and particularly the termination of the parental rights of LeRoy Joe Matjeka. The petition for legal malpractice further alleged misrepresentation as to the law and the facts and, among other acts and omissions, claimed that appellee failed to have an attorney appointed for the absent defendant cited by publication and failed to have a statement of the evidence approved and signed by the judge.

The record reflects that in Cause No. 82–CI–01784, styled *LeRoy Joe Matjeka v. Evelyn Gail Crean and John Arthur Crean*, appellants personally signed and approved "Responses to Plaintiff's Additional Requests for Admissions," on April 6, 1982. In this instrument appellants acknowledged the following:

\* \* \* \* \* \*

(B) An attorney was not appointed to appear and answer on behalf of LeRoy Joe Matjeka prior to the hearing.

(C) No appearance was made by LeRoy Joe Matjeka or an attorney of his choice or an attorney ad litem in this proceeding.

(D) There was not prepared, approved and signed by the judge a statement of the evidence.

We have reviewed appellant's affidavit and find nothing to indicate that they did not sign the responses to the requests for admission voluntarily and with knowledge and understanding of its contents.

Nevertheless, appellants have alleged by way of affidavit that appellee failed to disclose material facts, i.e., the legal effect of those admissions. The attorney/client relationship imposes on the attorney a duty to disclose facts material to his representation. *McClung v. Johnson*, 620 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Rice v. Forestier*, 415 S.W.2d 711, 713 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.). A failure to disclose operates to toll the statute of limitations until the relationship giving rise to the duty ends. *McClung, supra.* Appellant's affidavit states that she trusted

appellee and relied on the information he gave her until June 1983, when she consulted other attorneys. If concealment occurred and the statute was tolled until June 1983, appellants' suit was filed within the two-year statute of limitations. Appellants' contention that four year statute of limitations is applicable to this cause of action was raised for the first time on appeal and thus presents nothing for our review. *State of California Department of Mental Hygiene v. Bank of Southwest National Association*, 163 Tex. 314, 354 S.W.2d 576 (1967).

Appellants have raised a genuine issue of material fact as to whether concealment occurred. Accordingly, we reverse and remand for a trial on the merits. *Cloys, supra.*

## ON APPELLEE'S MOTION FOR REHEARING

BUTTS, Justice.

I agree to denial of appellee's motion for rehearing based on the narrow holding of the opinion. That states a fact issue was raised that the mother relied on the attorney's information until June 1983 when she consulted other attorneys and the attorney *concealed* the true information from her. The pleadings in the summary judgment action indicate enough information for the trial judge to determine that Crean and her present husband learned of the legal effects of their admissions early enough to justify the bar by limitations. If that were the only possible basis for the trial court's order that the statute of limitations barred the suit, I would agree the order should be affirmed. However, the mother's affidavit stresses the concealment was that she had no grounds for initiating an adoption. She says that had she been advised by the lawyer that a suit for adoption would not lie, she would have abstained from the initial suit, the second suit, and all succeeding matters. If she was not aware of this, and it actually was concealed from her until June 1983, then the suit would not be barred.

This question of concealment, to me, was the only "issue of material fact" raised by the responsive pleadings. That concealment question should be narrowly confined as shown.