Gerald W. JOHNSON, M.D., Appellant,

v.

Guy L. ABBEY, Jr., Appellee.

No. B14–86–791–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 6, 1987.

Rehearing Denied Sept. 10, 1987.

Kurt Arbuckle, Jack H. Emmott, III, Houston, for appellant.

Vicki A. Birenbaum, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

The plaintiff below appeals a summary judgment. Appellant alleged that appellee falsified anesthesia reports of a 1979 operation, causing him to be found liable for a $11.43 million medical malpractice judgment. The deciding issue is whether the discovery rule applies to cause the action not to accrue until shortly before this suit was filed in 1984. We hold that the discovery rule cannot be applied and appellant's actions are barred by limitation. The decision is affirmed.

On June 4, 1979, Dr. Johnson performed outpatient surgery on Jill Newsome, an eight-year-old girl. Abbey was the nurse anesthetist. The girl suffered a cardiac arrest and sustained serious brain damage. Newsome's parents filed a malpractice action against Johnson, Abbey, and other defendants. Johnson and Abbey were represented by separate counsel. In a January 1982 trial, a jury found Johnson and Houston Northwest Medical Center Hospital negligent and Abbey not negligent. Judgment was entered accordingly. Johnson did not appeal.

On May 10, 1984, Johnson filed, pro se, a suit against Abbey alleging that Abbey committed perjury at the Newsome trial,

falsified and altered medical records, and withheld evidence, all resulting in erroneous jury findings and the verdict against Johnson. By the time Abbey's motion for summary judgment (as supplemented) was heard, Johnson, now through counsel, pled five causes of action: defamation, negligence, disparagement, breach of fiduciary duty, and indemnification.

Abbey's answer and motion for summary judgment asserted the affirmative defenses of limitation and collateral estoppel and argued that common law indemnification is not a viable cause of action in Texas.

Appellant's response to the motion for summary judgment urged, in part, that by application of the discovery rule, his causes of action were not barred by limitation because until April and May of 1984 he had not discovered, and had no reason to discover, that Abbey had falsified the 1979 anesthesia reports. Appellant has *not* alleged in his petition or in his response to the motion for summary judgment a cause of action in fraud or fraudulent concealment as an affirmative defense to the bar of limitation. *See Del Rio v. Jinkins,* 730 S.W.2d 125 (Tex.App.—Corpus Christi 1987, no writ).

As summary judgment proof, Johnson provided narcotic signout sheets and hospital billing memoranda of Northwest Outpatient Surgery Center, Inc., (a defendant in the Newsome suit) concerning Newsome's July 4, 1979, surgery. Johnson's affidavit explains that in the spring of 1984: (1) Abbey appeared on a television show and admitted to altering the anesthesia records; (2) Johnson discovered that records described above were still available; (3) Johnson compared those records with Abbey's written report and found discrepancies and (4) Johnson was informed on April 3, 1984, by Dorothy Scoggins that Abbey may not have turned on the apnea monitor. (Abbey's report said the monitor was on.)

Johnson also submitted Scoggins' affidavit relating that in 1979 she transcribed dictation by Abbey in which Abbey said he did not turn on the apnea monitor during the Newsome operation. The tape was incomplete. Scoggins returned the tape to Abbey and destroyed the incomplete transcription. She moved from the Houston area in 1980 and did not inform Dr. Johnson about the tape until she returned to Houston and resumed working for Dr. Johnson.

In his second point of error, Johnson contends that summary judgment based on limitation is improper since genuine issues of material fact exist as to when he discovered or should have discovered the falsity of the records. He concedes that, if the discovery rule does not apply, all the causes of action he has alleged, except indemnification, are barred.

■ "For the purposes of application of statutes of limitations, a cause of action generally can be said to accrue at the time when facts come into existence which authorize a claimant to seek a judicial remedy." *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977). A cause of action sounding in tort accrues when the tort is completed, that is, the act committed and damage suffered. *McClung v. Johnson,* 620 S.W.2d 644, 646 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). This rule is supported by the public policy expressed in our statutes of limitations that favors repose and discourages assertion of stale demands. *Id.*

The discovery rule is the legal principle that a statute of limitations barring prosecution of some actions runs, not from the date of the defendant's wrongful act or omission (in this case falsification of anesthesia reports), but from the date the nature of the injury was or should have been discovered by the plaintiff. *Weaver v. Witt,* 561 S.W.2d 792, 793 (Tex.1977). The rule is an exception made by our courts out of necessity in order to do justice. *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967). It is invoked when a legal remedy otherwise would be "unavailable to the injured party before he can know that he is injured." *Hays v. Hall,* 488 S.W.2d 412, 414 (Tex.1972).

The discovery rule has been limited to matters properly characterized as inherently undiscoverable, as in cases of fraud, *Glenn v. Steele,* 141 Tex. 565, 61 S.W.2d 810 (1933); leaving foreign objects in a

patient's body, *Gaddis v. Smith*, 417 S.W.2d at 580; vasectomy, *Hays v. Hall*, 488 S.W.2d at 414; and defamation that is not of public knowledge, as in a false credit report, *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976).

The initial inquiry here is: Does justice demand that the discovery rule be applied in this type of case? This inquiry has been called a "judicial question," which is equated to "question of law." *Robinson v. Weaver*, 550 S.W.2d at 20; *Gaddis v. Smith*, 417 S.W.2d at 580; *see also, Holloway v. Butler*, 662 S.W.2d 688, 693 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *McClung v. Johnson*, 620 S.W.2d at 646; *Newberry v. Tarvin*, 594 S.W.2d 204, 205 (Tex.Civ.App.—Corpus Christi 1980, no writ). In making this inquiry all facts and inferences raised in Johnson's response to the motion for summary judgment are accepted as true. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589, 592–93 (Tex.1975).

■ As a defendant to a medical malpractice action and represented by counsel, Johnson had, through the rules of civil procedure, ample opportunity to test the accuracy of a co-defendant's reports against other medical records concerning the surgery. Even if appellant did not discover the falsity of Abbey's reports until 1984, Abbey's alleged wrongful actions were not, as a matter of law, inherently undiscoverable. "The discovery rule is not applied in Texas so as to excuse a party from the exercise of reasonable diligence in protecting his own interests merely because a relationship of trust and confidence exists." *McClung*, 620 S.W.2d at 646. The discovery rule cannot be applied in this type of case. Point of error two is overruled.

■ In point of error one appellant asserts that the trial court erred in granting summary judgment because Abbey's summary judgment proof was inadequate. Abbey had the burden to establish the bar of limitation conclusively. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). All of the causes of action asserted except indemnification are subject to a one-year or two-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.-002–.003 (Vernon 1986). As alleged in appellant's petition, all his claims rest entirely upon events that occurred more than two years before he filed suit: The defamatory words (in the form of falsified reports) were published on or about July 4, 1979, and the judgment was rendered against appellant in the Newsome trial on February 25, 1982. Absent application of the discovery rule, appellee established his right to summary judgment even without considering the exhibits to his motion. *See Robinson v. Weaver*, 550 S.W.2d at 22. Point of error one is overruled.

■ Point of error three concerns appellant's pleading seeking indemnification by Abbey for all damages assessed in the Newsome judgment because Abbey breached a fiduciary duty not to falsify his surgery reports. As appellee asserted in his motion for summary judgment, common law indemnity between negligent tortfeasors is no longer a viable cause of action in Texas. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex.1984); *Cypress Creek Utility Service Co. v. Muller*, 640 S.W.2d 860, 864 (Tex.1982); *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 816–17 (Tex.1980). Appellant's reliance on *Gammage v. Weinberg*, 355 S.W.2d 788 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.), is not persuasive. The court in that case was interpreting and applying Louisiana law to determine whether one defendant in a Louisiana suit could later sue his co-defendant in Texas for indemnity. *Id.* at 790. Point of error three is overruled.

Because the summary judgment can be sustained on grounds discussed above, there is no need to discuss the issues involving collateral estoppel raised in points of error four and five. The judgment is affirmed.