Glen SUTHERLAND, Appellant,

v.

Raymond C. CABALLERO, Appellee.

No. 08–87–00158–CV.

Court of Appeals of Texas,
El Paso.

April 6, 1988.

Rehearing Denied May 4, 1988.

Glen Sutherland, pro se.

Jim Curtis, Kemp, Smith, Duncan & Hammond, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

This is an attorney malpractice case. Appeal is from a summary judgment in favor of the attorney who represented Appellant in a criminal case in federal court. Appellant was convicted on March 5, 1980, and filed this suit against his attorney on September 7, 1984, alleging both common law legal malpractice and statutory deceptive trade practice claims. We affirm.

Appellee's representation of Appellant began on December 28, 1979, and ended on April 4, 1980. Appellee's motion for summary judgment filed on January 24, 1986, asked for judgment on each of the following grounds:

(a) Statute of limitations;

(b) Texas Bar rules and ethics do not provide a private remedy;

(c) Collateral estoppel;

(d) Inability to produce evidence of causation.

On December 5, 1986, Appellee supplemented his motion for summary judgment by adding another ground of collateral estoppel relating to Appellant's claim of ineffective assistance of counsel. The supplemental motion recounted federal denial of Appellant's motion for writ of coram nobis. In the federal motion, which was treated as a motion to vacate sentence, Appellant alleged denial of effective assistance of counsel in that Appellee was laboring under a conflict of interest arising from Appellee's prior representation of government witness, Patricia Gandara. The federal district court's finding that the claim was without merit was upheld by the Fifth Circuit Court of Appeals, and the United States Supreme Court denied writ of certiorari on November 10, 1986.

Appellant's motion for a new trial filed February 27, 1987, in the case before us anticipated the entry of summary judgment on March 5, 1987. Appellant there and in his amended motion complains of numerous "rulings" of the trial court. Appellant's thirteen points reurge the error of these "rulings" and add error as well in what the court considered or did not consider in arriving at its judgment.

■ An examination of the judgment does not disclose the "rulings" complained of but does recite in part, "the court is of the opinion that, on the merits, judgment should be rendered in favor of Defendant CABALLERO." The judgment also denies Caballero's counterclaim and cross-action against Sutherland and third-party Defendant Ward. As to our review, in that the judgment does not set forth the specific ground upon which it was granted, the judgment must be affirmed if it may be properly upheld on any one of the alternative grounds before the trial court and enumerated above. *Petroscience Corporation v. Diamond Geophysical, Inc.*, 684 S.W.2d 668, 669 (Tex.1984).

We will consider Appellant's points together as asserting error in the granting of the summary judgment and determine whether the judgment is sustainable on any one of the alternative grounds alleged. Should the limitations ground obtain, we need proceed no further, other than to consider the alleged evidentiary errors.

■ In regard to the limitations ground, we are aware, of course, that the Supreme Court has before it at this time the case of *Willis v. Maverick*, 723 S.W.2d 259 (Tex. App.—San Antonio 1986, writ granted). The San Antonio Court held that legal malpractice claims are governed by the two-year statute of limitations under Tex.Civ. Prac. & Rem.Code sec. 16.003 (formerly Tex.Rev.Civ.Stat.Ann. art. 5526). We are also mindful of our own case of *Anderson v. Sneed*, 615 S.W.2d 898, 904 (Tex.Civ. App.—El Paso 1981, no writ), in which we wrote in dicta that following the 1979 amendments, such actions would be subject to the four-year statute. But we need not enter that arena here. Appellant's suit was filed some four and one-half years after Appellant's conviction and after the termination of the attorney-client relationship. Unless there be something before us in this record to remove the application of the statute, toll, or defer its running, Appellant's claim is barred whether the statute be two or four years.

In regard to the limitations question, the respective positions of the parties are essentially these: Appellant contends that he can avoid its application, first, in that he did not discover that the Appellee had previously represented Gandara until September 7, 1984. Next, Appellant argues that Appellee's fraudulent concealment of such prior representation avoids the bar. Finally, Appellant asserts that equitable estoppel precludes Appellee's reliance on limitations.

Appellee counters that the discovery rule does not apply but even if it were applicable, Appellant's cause of action is barred because Appellant had actual knowledge of the nature of his injury upon his conviction, March 5, 1980, and that the motivation of his attorney was not a necessary element of his cause of action. Further, in this respect, Appellee contends that with diligence Appellant could have discovered the fraud alleged. Also, Appellee argues that

Appellant failed in his burden to establish active fraud subsequent to the termination of the attorney-client relationship. Appellee responds further that it was Appellant's burden and Appellant did not present evidence of equitable estoppel and, finally, that that doctrine does not apply in any event.

First, as to Appellant's discovery argument, the discovery rule has not been considered as applying to legal malpractice cases in general. *Jimenez v. Maloney,* 646 S.W.2d 673 (Tex.App.—San Antonio 1983, writ dism'd). In *McClung v. Johnson,* 620 S.W.2d 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), the court delineated the limited scope of application by saying that the rule is not applied to excuse a party from the exercise of reasonable diligence and protecting his own interest merely because of the existence of a relationship of trust and confidence. And in a later case, the San Antonio Court commented that the rule "speaks only of discovery of the injury. It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of the cause of action." The court went on to say that once the party learned she had been injured, the burden was on her to determine whether she should file suit. *Coody v. A.H. Robins Company,* 696 S.W.2d 154 (Tex.App.—San Antonio 1985, no writ).

■ It appears without issue that Appellee did represent Gandara on a shoplifting charge in December 1977 and that the attorney-client relationship was over when the charges against her were dismissed March 23, 1978. Appellant avers he had no knowledge of the Gandara representation until 1984. But we believe Appellant's cause of action accrued upon his becoming aware of an injury (his conviction). What may have motivated his attorney to fail to meet the minimum standard of conduct in Appellant's defense, if he did, was not a necessary element to complete the accrual of the cause of action. The discovery rule does not avail Appellant.

Appellee contends that Appellant should have discovered Appellee's representation of Gandara citing evidence that Appellant's Codefendant Maynard learned of that fact on February 25, 1980. But we need not determine Appellant's diligence or lack thereof in view of our prior determination.

■ Next, to preface our comments regarding the assertion of fraudulent concealment, we accept the date of conviction as the date of accrual of any cause of action Appellant may have had. In *Atkins v. Crosland,* 417 S.W.2d 150 (Tex.1967), involving an accountant's alleged malpractice, it was held that the cause of action accrued in October 1961 when the plaintiff was assessed a deficiency by the Internal Revenue Service and the cause of action was complete. The *Atkins* principle has been applied to legal malpractice. *Pack v. Taylor,* 584 S.W.2d 484 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). It appears that all of the elements of Appellant's cause of action had taken place by date of his conviction, March 5, 1980.

Appellant contends Appellee fraudulently concealed his prior representation of Gandara. As we said in *Williams v. Chaney,* 620 S.W.2d 809 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.), a defendant who moves for summary judgment has the primary burden of showing as a matter of law that plaintiff has no cause of action. But we also said in *Anderson v. Sneed* that fraudulent concealment is an affirmative defense to the statute of limitations and in that regard the plaintiff has the burden of presenting evidence to raise the issue. The San Antonio Court in *Crean v. Chozick,* 714 S.W.2d 61 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.), held that an attorney's failure to disclose material facts tolls the statute for the duration of the attorney-client relationship. That court went on to say that the duty to disclose operates to toll the statute until the relationship giving rise to the duty ends. In the case before us, the attorney-client relationship ended April 4, 1980. Appellant argues that active fraud continued after the termination of the relationship and continued to toll the statute. Even were we to agree with the concept, Appellant presented no proof of active fraud to support the contention. And the burden was on Appellant in this

respect. See *McClung v. Johnson*, 620 S.W.2d at 648.

██ Finally, in regard to the limitations question, we will consider Appellant's argument that Appellee is equitably estopped to assert the statute of limitations. In *Leonard v. Eskew*, 731 S.W.2d 124 (Tex.App.— Austin 1987, writ ref'd n.r.e.), the court defined equitable estoppel as obtaining in the situation where a party has induced a plaintiff not to file suit within the limitations period on a cause of action that a plaintiff knows he has and which cause of action has already accrued. That is not the situation presented here. Points of Error Nos. One through Seven and Thirteen are overruled. In that we find the action is barred by limitations, we need not consider Points Eight and Ten. We will briefly comment on Points Nine, Eleven and Twelve.

Appellant's Point Nine relates to an earlier opinion of this Court in *Sutherland v. Moore*, 716 S.W.2d 119 (Tex.App.—El Paso 1986, no writ), wherein we denied mandamus in view of an adequate remedy at law. We find no clear abuse of discretion in this regard. Tex.R.Civ.P. 169. Point Nine is overruled.

In conclusion, we have considered Points Eleven and Twelve concerning the evidence, and finding no reversible error, they are overruled. Appellee's conditional cross-point is overruled.

The judgment is affirmed.