James M. HUGHES, et ux, Appellants,

v.

MAHANEY & HIGGINS,
et al., Appellees.

No. 10–90–015–CV.

Court of Appeals of Texas,
Waco.

Oct. 11, 1990.

Rehearing Denied Nov. 29, 1990.

Scott A. Stewart, Horsley & Stewart, Dallas, for appellants.

Robert E. Aldrich, Jr., Fort Worth, for appellees.

Before McDONALD, C.J. (Retired) and HALL and MEANS, JJ.

## OPINION

McDONALD, Chief Justice (Retired).

This is an appeal by plaintiffs Hughes from summary judgment that they take nothing in their legal malpractice suit against defendants Mahaney and Higgins.

In October 1982 plaintiffs Hughes retained the legal services of defendants to represent them with respect to the termination of parental rights and the adoption of a baby which at that time was unborn. On December 8, 1982, shortly after the birth of the child, defendant Mahaney procured an Affidavit of Relinquishment of Parental Rights from the unwed mother of the child, which was irrevocable for 60 days.

On December 9, 1982, Mahaney on behalf of plaintiffs filed suit for termination and adoption with regard to the baby which plaintiffs took possession of on December 10, 1982. On December 20, 1982, Mahaney was made aware that the mother might change her mind and he notified the Hughes of this fact but noted that relinquishment was irrevocable for 60 days and later advised the Hughes he would have

the mother's rights terminated long before the 60–day period ended. On February 17, 1983, the child's mother revoked her affidavit of relinquishment of parental rights; married the natural father of the child; and canceled the termination of parental rights and adoption. The trial court terminated the parents' parental rights and granted adoption of the child by the Hughes. On appeal the judgment granting the termination and the adoption was reversed, and the action dismissed for lack of standing by the Hughes to bring the action for termination since Mahaney had been appointed the temporary managing conservator in the mother's affidavit of relinquishment. The Court of Appeals' opinion and judgment were rendered on *March 7, 1985.*

Plaintiffs Hughes filed their suit for legal malpractice against defendants Mahaney and Higgins on *May 21, 1987,* alleging negligence in not securing the termination of parental rights during the 60 days (while the mother's relinquishment was irrevocable); for negligence in naming Mahaney as managing conservator in the affidavit of relinquishment; asserting Mahaney and Higgins, by this conduct, violated the Deceptive Trade Practices Act in a number of ways, and further asserting that Mahaney represented to the Hughes that he did not get the termination heard within the 60–day period in which the mother's relinquishment was irrevocable because of scheduling problems with the court but later stated the above was not the case.

Defendants Mahaney and Higgins answered that plaintiffs' claim was barred by the statute of limitations.

Defendants thereafter filed a motion that plaintiffs take nothing on the ground that both legal malpractice claims and claims under the DTPA must be commenced within 2 years after the occurrence made the basis of claims is discovered by the plaintiffs.

■ The trial court granted such motion for summary judgment and decreed that plaintiffs Hughes take nothing against defendants Mahaney and Higgins.

Plaintiffs Hughes appeal on 4 points:

Points 1 and 2 assert the trial court erred in granting summary judgment based upon limitations because limitations did not commence to run until [plaintiffs] sustained a legal injury as a result of [defendants'] negligence; and because limitations does not necessarily begin to run once a cause of action is accrued, but rather negligence in handling a client's lawsuit does not begin to run until all appeals in the underlying cause have been exhausted.

The two-year statute of limitations applies to legal malpractice actions regardless of how the suit is framed. *Pham v. Nguyen,* CA (Houston 14) Er. Denied, 763 S.W.2d 467; *Willis v. Maverick,* S.Ct., 760 S.W.2d 642. And limitation commences to run when the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of the cause of action. *Willis, supra.* And by express statutory provision, plaintiffs' alleged causes of action under the DTPA are likewise subject to a two-year statute of limitations and the discovery rule. Tex.Bus. & Com.Code, Sec. 17.565 (Vernon 1987).

■ Defendants' burden in this case, as movants for summary judgment, was to show conclusively that plaintiffs knew or should have known of the facts giving rise to their cause of action at a time prior to May 21, 1985. *Delgado v. Burns,* S.Ct., 656 S.W.2d 428. The operative date is May 21, 1985, because plaintiffs filed their legal malpractice action on May 21, 1987.

■ If there was any malpractice committed by defendant Mahaney it stemmed from his failure to obtain a termination of the natural mother's parental rights during the period which, in the affidavit of relinquishment, remained irrevocable or was unrevoked. Plaintiffs have admitted that they knew the 60–day period of irrevocability ended sometime in February 1983, and knew that Mahaney had taken no action during the critical 60–day time period. In July 1983 the natural parents filed a motion to dismiss the termination and adoption on the explicit grounds the Hughes lacked standing to pursue the action [be-

cause Mahaney had been appointed managing conservator of the child]. Additionally, on March 7, 1985, the Court of Appeals issued its judgment and opinion reversing the trial court's termination of the natural parents' rights and granting plaintiffs' adoption of the child, holding the Hughes did not have standing to bring the suit at the time it was filed in December 1982. The court's opinion of March 7, 1985, clearly set forth the underlying action and specifically articulated why the Hughes lacked standing in the termination proceedings. However, plaintiffs still failed to file their malpractice suit within 2 years from this court's opinion.

Plaintiffs contend that since the Supreme Court did not deny their application for a writ of error to the Appeals Court's judgment until June 5, 1985, that limitations should not commence to run until 2 years after that date.

Limitations commenced from the time plaintiffs knew the facts giving rise to their lawsuit and could have brought such suit, and not when the Supreme Court refused their application for writ of error. *Pack v. Taylor*, CCA (Fort Worth) NRE, 584 S.W.2d 484; *Woodburn v. Turley*, 5th Cir.Ct.Appls, 625 F.2d 589.

We hold that plaintiffs had actual knowledge of all the facts upon which they base their cause of action no later than March 7, 1985, and that limitations ran on their claim on March 7, 1987; that their suit filed on May 21, 1987, was barred by the 2-year statute of limitations; and that the trial court did not err in rendering summary judgment that plaintiffs take nothing.

Points 1 and 2 are overruled.

Point 3 asserts the trial court erred in granting summary judgment against [plaintiffs'] actions based on negligent intentional failure to request and obtain a hearing on termination when the 60-day period in which the affidavit of relinquishment was irrevocable because the discovery rule tolled those actions until plaintiffs knew or should have known defendants did not request such a hearing and the summary judgment evidence raises the issue of when plaintiffs knew or should have known [defendants] did not request a termination hearing within the 60-day period.

As noted, supra, it is undisputed that defendants obtained no hearing on the termination and adoption during the 60-day period and it is undisputed that plaintiffs knew there was no hearing within such period.

Point 3 is overruled.

Point 4 asserts the trial court erred in granting summary judgment on plaintiffs' causes of action based upon negligent and intentional failure to request a termination hearing within 60 days based on limitations because the pleadings and evidence raises a material issue of fact as to fraudulent concealment on the part of defendants.

■ Plaintiffs assert that Mahaney concealed the reason for not requesting a court hearing to terminate the mother's rights prior to the 60 days until September 1987.

It is true that Mahaney first represented that the reason for not having the hearing within the 60-day period was because of scheduling problems of the court [the court sitting in 2 counties]; and that later on deposition he indicated it was because he learned the mother had changed her mind.

The plaintiffs had actual knowledge that the hearing was not held during the 60-day period as early as March 1983; and as previously noted, at the very latest, plaintiffs knew all necessary facts constituting their cause of action by March 7, 1985, when the Court of Appeals' judgment and opinion was handed down.

Why Mahaney did not secure the termination within the 60 days is not a controlling fact; the fact that he did not obtain a hearing within the 60 days is the controlling fact.

Point 4 is overruled.

AFFIRMED.