Joe LARUE and Phyllis
Larue, Appellants,

v.

GENESCREEN, INC., Robert Giles, Judith I. Floyd, Baylor College of Medicine, Thomas Caskey, and Holly Hammond, Appellees.

No. 09–96–320 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 13, 1997.

Decided Dec. 18, 1997.

Marcy Lynn Rothman, Bernsen, Jamail & Goodson, Houston, for appellants.

Charles W. Hurd, Terriann Trostle, Fulbright & Jaworski, Houston, Robert K. Wise, Worsham, Forsythe & Wooldridge, Dallas, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Joe LaRue and his wife, Phyllis, filed suit against GeneScreen, Inc., Robert Giles, Judith I. Floyd (collectively GeneScreen), Baylor College of Medicine, Thomas Caskey, and Holly Hammond (collectively Baylor) for negligence in their interpretation and reporting of the results of genetic testing performed on Joe LaRue in connection with criminal pro-

ceedings. The trial court granted GeneScreen's and Baylor's motions for summary judgment. On appeal, the LaRues claim in their first two points of error that the trial court erred in granting the motions. Point of error one contends the trial court erred if it granted summary judgment on either the theory Baylor and GeneScreen owed no duty to the LaRues or the theory the reports were absolutely privileged. Point of error two contends the trial court erred if it granted summary judgment on the theory the LaRues' claim is barred by limitations.

■ The trial court did not specify upon which of several grounds summary judgment was granted. Therefore, if any of the theories advanced are meritorious, the summary judgment will be affirmed. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). We first address appellees' theory that the negligence action was barred by the statute of limitations.

■ Baylor and GeneScreen both claimed in their respective motions for summary judgment that the LaRues' negligence claim was time-barred. A cause of action for negligence is governed by the two-year limitations period of TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). Generally, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). An exception to this is the "discovery rule." *Id.* Under the discovery rule, "an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Id.*

Baylor issued its forensic report to the police department on September 4, 1990. GeneScreen submitted its report to the District Attorney's office on August 14, 1991. On June 9, 1992, the District Attorney's office provided both reports to Joe's attorney in the criminal proceeding. On July 29, 1994, the LaRues' expert, Ronald Singer, issued his report reviewing the analysis conducted by Baylor and GeneScreen. The LaRues' suit was filed July 24, 1995, clearly more than two years after the issuance of the reports which are the basis of the action. Therefore,

unless the discovery rule applies, the LaRues' negligence claim is barred by the statute of limitations.

■ In order for the discovery rule to apply, the nature of the injury incurred must be inherently undiscoverable and the evidence of injury must be objectively verifiable. *Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex.1996). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V.,* 933 S.W.2d at 7 (citing *Computer Assoc.,* 918 S.W.2d at 456). An "objectively verifiable" injury is one in which the facts upon which liability is asserted are demonstrated by direct, physical evidence. *See id.* at 7.

Relying on *Thomson v. Espey Huston & Assoc., Inc.,* 899 S.W.2d 415 (Tex.App.—Austin 1995, no writ), the LaRues argue Baylor and GeneScreen failed to conclusively establish a layperson could have perceived the nature of the injury more than two years before the filing of the suit. The LaRues contend the injury was undiscoverable to anyone other than an expert in the matters of genetic testing and, therefore, the limitations period did not begin to run until they obtained the evaluation of Baylor's and GeneScreen's report produced by Singer on July 29, 1994.

The court in *Thomson* applied the discovery rule to an action for negligence in the performance of engineering services. *Thomson,* 899 S.W.2d at 423. (Among other things, Espey was responsible for designing drainage structures, facilities for controlling storm water runoff, and "on site" water and wastewater distribution and collection systems, and for testing soil quality and providing certain foundation and pavement recommendations. *Id.* at 417.) The court reasoned:

Engineering consultants are hired precisely because ordinary persons—even general contractors—may be unable to distinguish suitable drainage systems from unsuitable ones. Having engaged an engineer to remedy his own lack of expertise, a general contractor cannot be expected to assess the competence of the engineer's work be-

fore there is an opportunity to test the final product. In this case, the summary judgment evidence did not conclusively establish that a layperson could perceive any problems with Espey's services before the flooding occurred and the damage to the buildings became manifest.

*Id.* at 423. The court thus found the limitations period began to run when Thomson "knew or should have known" there was a problem, i.e., when the building flooded. *See id.*

■■■ The theory underlying the LaRues' claim is that if Baylor and GeneScreen had correctly performed the genetic testing, Joe would have been excluded as a suspect in the capital murder investigation. Thus, the LaRues "knew or should have known" there was a problem when the reports did not exclude Joe. The fact they did not know precisely what the problem was did not absolve the LaRues of the duty to use reasonable diligence to discover it. "The discovery rule is not applied in Texas so as to excuse a party from the exercise of reasonable diligence in protecting his own interests...." *Johnson v. Abbey*, 737 S.W.2d 68, 70 (Tex. App.—Houston [14th Dist.] 1987, no writ) (quoting *McClung v. Johnson*, 620 S.W.2d 644, 646 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.)). The LaRues were aware, by June 9, 1992, at the latest, that there was a problem, i.e., Baylor's and GeneScreen's reports did not exclude Joe as a suspect. The LaRues present no summary judgment evidence to explain or justify the subsequent two-year delay in determining why the reports failed to exclude Joe.

*Thomson* actually supports Baylor's and GeneScreen's argument. In that case the limitations began to run when the flooding occurred, not when Thomson learned *why* the flood occurred. *See Thomson*, 899 S.W.2d at 423. Likewise, the LaRues' cause of action accrued when they learned the reports failed to exclude Joe, not when they learned *why* Joe was not excluded.

The LaRues' injury was not inherently undiscoverable. Therefore, the discovery rule does not apply and the negligence claim is barred. Point of error two is overruled.

The trial court did not err in granting summary judgment in favor of GeneScreen and Baylor. Therefore, it is unnecessary to address point of error one.

Point of error three claims the trial court erred in granting the special exceptions of Baylor and GeneScreen and dismissing the LaRues' other causes of action. The LaRues' first amended petition pleaded two causes of action in addition to the negligence claim—violations of the DTPA and negligent misrepresentation. Baylor and GeneScreen specially excepted, claiming the LaRues failed to state a cause of action under the DTPA because the LaRues are not consumers and failed to state a cause of action for negligent misrepresentation because no material misrepresentation was established, reliance was not established, and there was no evidence of a breach of the alleged promise. In the order granting summary judgment, the trial court sustained the special exceptions on the grounds the LaRues' first amended petition failed to state such causes of action and dismissed both claims. The order provided the LaRues with leave to replead within seven days.[1] The LaRues failed to replead their DTPA and negligent misrepresentation claims.

■■■ The trial court has broad discretion in granting special exceptions and this court will not disturb the trial court's rulings absent an abuse of discretion. *City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, 783 (Tex.App.—Dallas 1992, writ denied). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). "In making this determination, the appellate court accepts as true all factual allegations in the plaintiff's pleadings." *Thompson v. El Centro Del Barrio*, 905 S.W.2d 356, 358 (Tex.App.—San Antonio 1995, writ denied).

■■■ Based upon our review of the LaRues' pleadings, we are unable to say the trial court acted unreasonably in granting Baylor's and GeneScreen's special excep-

---

1. Due to the order granting the LaRues' motion to amend the date of judgment, that seven-day period ran from the new judgment date of August 19, 1996.

tions. The LaRues' first amended petition states Joe LaRue was a consumer as defined by the DTPA, but no facts are plead which support this conclusory allegation. Therefore, we find the trial court did not abuse its discretion in granting Baylor's and GeneScreen's special exceptions and dismissing the LaRues' DTPA claim.

Similarly, the LaRues' pleading of negligent misrepresentation fails to assert any reliance on the misrepresentations allegedly made by Baylor and GeneScreen. Consequently, we are unable to say the trial court abused its discretion in granting Baylor's and GeneScreen's special exceptions and dismissing the LaRues' cause of action for negligent misrepresentation. Point of error three is overruled.

In their fourth and final point of error, the LaRues argue the trial court abused its discretion in failing to grant their requested continuance. Error has not been preserved on this point as the record does not reflect a ruling on the motion for continuance or an objection to the trial court's failure to rule. TEX.R.APP. P. 52(a). Point of error four is overruled.

GeneScreen has brought forth a cross-point urging that this court, pursuant to TEX. R.APP. P. 84, should impose sanctions upon the LaRues for filing a frivolous appeal. In reviewing the record brought before us, we do not feel the bringing of this appeal reaches the level of being brought for delay, or without sufficient cause. Therefore, we overrule GeneScreen's cross-point seeking sanctions under Rule 84.

The judgment of the trial court is affirmed.

AFFIRMED.